The inhabitants of the town of READING *against* The inhabitants of the town of WESTON.

Under the revised statutes, it is an indispensable requisite in a deposition, the want of which cannot be supplied by parol proof, that the reason of taking it be stated in the certificate of the magistrate before whom it is taken.

The declarations of a person in the occupation of land, under an absolute deed from the former owner, are not admissible, in a suit *inter alios partes,* to shew the nature and extent of such occupation.

Where an absolute deed of land was executed and delivered to the grantee, on the premises; and the grantor and grantee afterwards occupied the premises together; it was held, that the execution and delivery of the deed were equivalent to livery of seisin, and gave the grantee possession; and the subsequent occupation of the grantor must have been under the grantee, in whom the legal estate was vested.

Where *A.*, immediately after the execution and delivery of a deed to her from *B.*, gave back to *B.* a writing, binding herself, if *B.* should, within three years, bring her a certain sum (the consideration of the deed) with interest,

Fairfield,
June, 1828.

Reading
v.
Weston.

to deliver up to *B*. such deed, but if *B*. should fail to bring the money, by the time limited, he was to forfeit all claim to such deed; it was held, that this was not a mortgage, as there was no debt to be secured, but a mere contract to reconvey, on certain terms.

THIS was an action of *assumpsit* for supplies furnished to *Harriet*, the wife, and *Sally* and *Lucinda*, the minor children, of *Samuel Darling*.

The cause was tried at *Fairfield, December* term, 1826, before *Peters, J.*

*Samuel Darling* derived his settlement from his mother *Lucy Darling*, who had a legal settlement in *Weston* until *March* 1808. On the 19th of that month, one *Joseph Burr*, being the owner in fee of a tract of land lying in *Reading*, with a dwelling-house standing thereon, of the value of 800 dollars, executed and delivered to her, at said dwelling-house, an absolute deed of these premises. At the same time and place, she executed and delivered to him a writing in these words: "Know all men by these presents, that I, *Lucy Darling* of *Weston, Fairfield* county, am held and firmly bound to *Joseph Burr* of *Reading* in said county, that if within the term of three years from the date of this bond, the said *Joseph Burr* brings me, the said *Lucy Darling*, the 800 dollars, with interest for the three years, that I, the said *Lucy Darling*, am bound, by this bond, to deliver up to the said *Joseph Burr* the deed of land lying in *Reading*, with the buildings thereon, which I received from him, this day, for the consideration of 800 dollars. But if the said *Joseph Burr* fails bringing the said *Darling* the said sum, by the aforesaid time on this bond mentioned, that is, by the 19th day of *March* 1811, the said *Burr* forfeits 'all claim to said deed, and this bond is to be void and of no effect. In witness whereof, I have set my hand, this 19th day of *March*, 1808. [Signed] *Lucy Darling*." Immediately after the delivery of said deed and writing, *Lucy Darling*, with her son *Samuel*, then about seven years of age, removed to said dwelling-house, where they lived until the *Spring* of 1813, when she removed to the *Western* part of the state of *New-York*, where she still lives.

The plaintiffs claimed to have proved, that *Lucy Darling* took possession of only a part of the premises, of less value than 100 dollars; and that she took possession of that part under an agreement with *Burr*, that she should occupy that part, and that *Burr* should occupy the residue, and that he

should pay her for the part so occupied by him 48 dollars a year, which was to be applied to pay the interest of the 800 dollars, the consideration of the deed. The defendants claimed, that she went into the possession of the whole of the premises, and that *Burr* occupied a part, by her sufferance and permission.

To shew that she did not occupy the premises as claimed by the plaintiffs, but in her own right, the defendants offered a deposition, taken in the state of *New-York*, of a witness living in that state, on which the justice by whom it was taken, had not certified the cause of taking it; and with this deposition the defendants offered a witness to prove the cause of taking it. The plaintiffs objected to the deposition, on the ground that it was not duly certified, and to the testimony of the witness, on the ground, that the absence of the certificate of the justice, could not be supplied, by parol testimony. The judge sustained the objection, and rejected the witness and the deposition.

The plaintiffs, to shew that *Lucy Darling* did occupy the premises as claimed by them, offered sundry witnesses to prove her declarations made at the time she occupied them. Among these witnesses was one *Meeker*, by whom the plaintiffs offered to prove, that he heard her say, on a certain occasion, at the dwelling-house on the premises, " That the land was not hers ; that she lived like a dog ; that she did not care, if she could only get her money ; that she had no more to do with the land than the witness had." By one *Lyon,* the plaintiffs offered to prove, that while she was in possession, he was in the room occupied by her, and heard her say, " That she was in possession as tenant to *Joseph Burr ;*" and by another witness, that he heard her say, on another occasion, " That she had not bought the premises." To the admission of this evidence the defendants objected ; but the judge admitted it.

The judge instructed the jury, that if they should be satisfied from the evidence before them, that *Lucy Darling*, by herself, or her tenant, was possessed, in her own right in fee, of real estate in the town of *Reading*, of the value of 100 dollars, during the whole or any portion of her continuance in that town, they ought to return a verdict for the defendants ; otherwise, for the plaintiffs. The jury gave a verdict for the plaintiffs ; and the defendants moved for a new trial.

*Fairfield,*
June, 1828.

Reading
*v.*
Weston.

*N. Smith* and *Swift*, in support of the motion, contended, 1. That the witness to shew the cause of taking the deposition, and consequently the deposition itself, ought to have been received. Under the statute previous to the late revision, the same causes were necessary to authorize the taking of a deposition as now, and the general practice was, to insert the reason in the certificate ; but if this was omitted, the omission might be supplied by proof *aliunde. Stat.* 684. ed. 1808. *Swift's Ev.* 114. *Thompson* v. *Stewart,* 3 *Conn. Rep.* 171. That statute required the justice to " *attest*" the taking ; the revised statute requires him to " *certify*" the reason. The phraseology was changed ; but it was not the intention of the legislature to alter the law. *To certify* means *to make certain,* by any evidence.

2. That the declarations of *Lucy Darling* were inadmissible. She was a competent witness ; she was living ; and she might have been had, or her deposition taken. *Nichols* v. *Hotchkiss,* 2 *Day* 126. These declarations do not shew the character of the possession ; neither do they constitute a part of any act in controversy.

3. That *Lucy Darling* became owner of an estate in fee in *Reading,* on the 19th of *March* 1808, notwithstanding the writing given by her to *Joseph Burr,* her grantor.

In the first place, this writing was not a mortgage. It contained no stipulation to pay the money. There was no debt or duty secured. A debt or duty is an essential part of a mortgage ; and this must be described in the condition or defeasance with a reasonable degree of certainty. And to create such a debt or duty, there must be an obligation which can be enforced. *Pow. Mort.* 173. *Com. Dig. tit.* Chancery. 4 A 3. 1 *Mad. Chan.* 516. (ed. 1822.) 2 *Swift's Dig.* 181. But *Lucy Darling* could not enforce payment of the 800 dollars, it being perfectly optional with *Burr* to bring the money or not. There was no contract, express or implied, on which she could found an action. The writing was a mere covenant, on her part, to reconvey, within a limited time, on payment of the purchase money and interest.

Secondly, the deed was delivered, and the title vested in *Lucy Darling,* before the writing in question was given ; and consequently, there was a time when she was possessed in fee of the land. *Barkhamsted* v. *Farmington,* 2 *Conn. Rep.* 600. 603.

Thirdly, if this was a mortgage from the time of the delivery of the deed to *Lucy Darling*, still the fee of the land is in the mortgagee ; and by operation of the statute, she gained a settlement thereby in *Reading*.   This is an action *at law* ; and the case depends on a question of *law*.   The mortgagee is, unquestionably, the *legal* owner of the estate.   *Clark* v. *Beach*, 6 *Conn. Rep.* 142. 354.

*Fairfield*, June, 1828.

Reading
*v.*
Weston.

4. That the judge should have charged the jury, that from the undisputed facts in the case, *Lucy Darliug* was in *possession* of the property.  She was in the actual occupation of a part, and was entitled to the possession of the whole.   So far as *Burr* was in possession, he was in as her lessee, under an agreement to pay her an annual rent of 48 dollars.   His possession was, therefore, her possession ; and so the jury ought to have been instructed.

*Sherman* and *Booth*, contra, contended, 1.  That the deposition was properly rejected.   The revised statute, under which this deposition was offered, expressly requires, that the justice, before whom the deposition is taken, shall certify the reason of taking such deposition.   *Stat.* 47.   The statute is not complied with, unless 1st, the reason be *certified*—and 2ndly, that this be done *by the justice*.   If the certificate of the justice was indispensable to shew the reason, it is clear, that parol evidence could not be received to prove it.   The former statute did not prescribe these requisites ; but such as it did prescribe, could not be dispensed with.   Could you, under that statute, prove by parol, in the absence of the justice's certificate, that the deponent was *sworn ?*

2. That evidence of the declarations of *Lucy Darling*, while in possession, was properly received, as part of the *res gesta*, and to explain the character of the possession.   The declarations of a tenant in possession are admissible, on the same grounds that his acts are.   1 *Stark. Ev.* 48.   *Phill. Ev.* 201. *Williams* v. *Ensign*, 4 *Conn. Rep.* 456.   *Jackson* d. *Youngs* & al. v. *Vredenbergh*, 1 *Johns. Rep.* 156.

3. That the defendants have no reason to complain of the charge to the jury.

First, the charge submitted the fact of *Lucy Darling's* possession, to the jury, and they have found against it.   In doing this, the judge proceeded on the ground that the conveyance to her was an *absolute* one.

But secondly, the deed given by *Burr* to *Lucy Darling* and the writing given by her to him, taken together, constituted a *mortgage.* In the first place, it appears from these documents, that there was *a debt.* " *The* 800 dollars" refers to the consideration of the deed ; it is the purchase money of the land, which is to be specifically returned with interest. But if a debt does not so appear, it might be proved *aliunde. Peterson* v. *Clark,* 15 *Johns. Rep.* 205. *Erskine* v. *Townsend,* 2 *Mass. Rep.* 493. *Taylor* v. *Weld* & al. 5 *Mass. Rep.* 109. *Carey* v. *Rawson,* 8 *Mass. Rep.* 159. *Dey* v. *Dunham,* 2 *Johns. Chan. Rep.* 189. 2 *Swift's Dig.* 163. *Pow. Mort.* 151. which cites *Manlove* v. *Ball* & al. 2 *Vern.* 84. In that case, *A.* made an absolute conveyance of a church lease for three lives to *B.* ; and *B.*, the purchaser, by deed under his hand and seal, agreed, that if *A.*, at the end of one year, should pay him 600*l.*, he would reconvey. This was treated as a mortgage, and it was held, after the lapse of twenty years, that the assignee of *A.* was entitled to redeem.

Thirdly, the mortgagor is the owner of the land, and may gain a settlement by virtue of his estate as mortgagor. *The King* v. *Edington,* 1 *East,* 288. 293. *Barkhamsted* v. *Farmington,* 2 *Conn. Rep.* 605. per *Gould,* J. What the mortgagee has is a defeasible interest ;—a mere security for money. The case of *Clark* v. *Beach* has no bearing upon this. The quantity of the mortgagee's interest was not determined. It only decided, that the title of the mortgagee was paramount to that of a stranger.

PETERS, J. 1. The first ground on which the defendants claim a new trial, is, that the deposition of *Lucy Darling* was rejected. This was in obedience to the statute, (*p.* 47.) which directs, that " the magistrate shall certify the reason of taking such deposition." But it was not done ; and the omission can no more be supplied by parol, than any other official act of the magistrate.

2. Another ground is, that the declarations of *Lucy Darling*, while occupying the land in *Reading*, were admitted. Such declarations are always admitted to shew the nature and extent of such occupation, and as part of the *res gesta.* But in this case they could have no effect, as she occupied under an absolute deed from the former owner.

3. The defendants claim, that the court ought to have

charged the jury, that from the facts conceded, *Lucy Darling* was possessed, in her own right in fee, of real estate in *Reading*, of the value of 100 dollars, during her continuance therein.    The execution and delivery of the deed from *Joseph Burr* to *Lucy Darling*, upon the land in question, were equivalent to livery of seisin, and gave her possession ; and if *Burr* afterwards occupied any part, it must have been under her ; for the legal estate was in her, and they lived peaceably together in the same house.

4. It is claimed, that *Lucy Darling* executed and delivered to *Joseph Burr* a defeasance, which converted his deed into a mortgage.    But this defeasance was a contract to *reconvey*, upon certain terms.    There was no debt to be secured ; and there was no mortgage in the case.

As the charge of the judge was incorrect, I advise a new trial.

HOSMER, Ch. J. and LANMAN, J. were of the same opinion.

BRAINARD, J. was absent ; and DAGGETT, J., having been of counsel in the cause, gave no opinion.

New trial to be granted.