The inhabitants of the town of READING *against* The inhabitants of the town of WESTON.

In a court of law, parol evidence is inadmissible, as between third persons as well as between the parties, to shew, that an absolute deed of land was intended as security for a debt.

Therefore, where *A.* conveyed land to *B.*, by an absolute deed, and *B.*

*Fairfield,*
June, 1830.

Reading
*v.*
Weston.

immediately afterwards gave back to *A.* a writing, by which *B.* engaged to re-convey the land, on certain terms ; in an action between two towns, involving the question whether *B.* gained a settlement under such deed, it was held, that parol evidence was inadmissible, to to shew, that the deed and writing were given only to secure a sum of money, which *A.*, at that time, borrowed of *B.*, and for which he gave his notes.

THIS was an action of *assumpsit* for the support of the wife and minor children of *Samuel Darling.*

The cause was tried (after two former trials,) (*a*) at *Fairfield, December* term, 1829, before *Williams,* J.

The paupers derived their settlement from *Lucy Darling,* the mother of *Samuel Darling.* She was once an inhabitant of the town of *Weston.* The defendants claimed, that in *March,* 1808, she became the owner of a piece of land in the town of *Reading,* of the value of 800 dollars, by virtue of a deed from one *Joseph Burr.* This deed was, on the face of it, an absolute deed, in the usual form, containing the usual covenants. A writing, (recited at length, 7 *Conn. Rep.* 144.) was made and signed by her, and delivered to *Burr,* simultaneously with the delivery of the deed, binding herself, if *Burr* should, within three years, bring her the 800 dollars, with interest, to deliver up to him such deed, but if he should fail to bring the money, by the time limited, he should forfeit all claim to such deed. The defendants claimed, that immediately after the execution of the deed, *Lucy Darling,* the grantee, went into possession of of the land thereby conveyed, and possessed it, in her own right in fee, until the year 1813. It was admitted, that she occupied part of the house and garden, belonging to the premises ; and that *Burr* occupied the remaining part, during the period specified. Evidence was introduced as to the character of their respective possessions, or the right in which they occupied the premises ; the plaintiffs claiming, that *Lucy Darling* occupied as mortgagee under *Burr,* and not in her own right. In support of this claim, the plaintiffs introduced proof of her declaration, that she had only a mortgage of the premises, and other parol evidence, to shew that the deed and writing were given only to secure a sum of money, which *Burr,* at that time, borrowed of her, and for which he gave her his notes. This evidence was objected to, by the defendants, but was received subject to the opinion of the court. And the

(*a*) See 7 *Conn. Rep.* 143. 409.

court charged the jury, that such evidence was proper to shew the nature, character and extent of her occupation; but that in this suit parol evidence could not be admitted to alter, enlarge or explain the deed or condition, or to shew that this conveyance was a mortgage.

The jury returned a verdict for the defendants; and the plaintiffs moved for a new trial, for a misdirection.

*Sherman* and *Booth*, in support of the motion, contended, That an absolute deed is valid between the parties, *as a mortgage,* and may be held by the mortgagee as security for future loans, if third persons are not prejudiced. *James* v. *Johnson,* 6 *Johns. Chan. Rep.* 429. 433. *Strong* & al. v. *Stewart,* 4 *Johns. Chan. Rep.* 167. 1 *Pow. Mort.* 200. *Marks* & al. v. *Pell,* 1 *Johns. Chan. Rep.* 594.

In this case, the notes, deed and defeasance, being given at the same time, and in regard to the same transaction, all constitute but one contract. Suppose the notes had been paid and taken up; and *Burr* had thereupon sought for a reconveyance; is there a doubt that he might have shewn, that he had paid the money stated in the written agreement; in other words, that these notes were given for that money? But if these notes were given for that money, then by the decision, the conveyance was a mortgage, and not a conditional agreement for a re-sale.

But however the law may be, in a case like the present, as to the admission of parol evidence to prove this to be a mortgage, *as between the parties, strangers* may shew the real intent, especially in a *settlement* case. 3 *Stark. Ev.* 1051. 1054. The contract would otherwise operate as a *fraud* on *Reading,* by imposing on that town an inhabitant, when in fact, the real transaction would not constitute a settlement.

Evidence not contradicting a written instrument, is admissible to shew the purpose and intention of executing such instrument. 3 *Stark. Ev.* 1047, 8. *Milbourn* v. *Ewart* & al. 5 *Term Rep.* 381.

*N. Smith* and *Swift,* contra, contended, 1. That on principles of the common law, parol evidence, except in cases of fraud or mistake, is not admissible to contradict, *add to* or *vary* the effect of a deed or other written instrument, or to supply the place of a written instrument, when by law it is required.

Fairfield,
June, 1830.

Reading
v.
Weston.

Peake's Ev. 112.   Swift's Ev. 35.   1 Phill. Ev. 467.   3 Stark. Ev. 997. & seq.   Dunham v. Baker, 2 Day 137.   Pitkin v. Brainard & al. 5 Conn. Rep. 451. 460.   Dean v. Dean & al. 6 Conn. Rep. 285.   Haynes v. Hare, 1 H. Bla. 659.   Meres & al. v. Ansel & al. 3 Wils. 275.   Stackpole v. Arnold, 11 Mass. Rep. 27.   In this case, it cannot be received, independently of the covenant to re-convey, as it would add parol conditions to the deed.   Skinner & al. v. Hendrick, 1 Root 253. Flint v. Sheldon, 13 Mass. Rep. 443. 448, 9.   Nor can it be received in connexion with the covenant, to add new terms to it, and enable that to controul the deed.   The law considers the written instruments as containing the whole agreement between the parties.   Northrop v. Speary, 1 Day 23.   Dean v. Mason, 4 Conn. Rep. 28.   Parkhurst & al. v. Van Cortlandt, 1 Johns. Chan. Rep. 282.   Dunham v. Baker, 2 Day 140.

2. That the evidence offered was inadmissible, by the statute of frauds ; as it would introduce all the uncertainty which it was the object of that statute to prevent.  1 Phill. Ev. 437.  It would change the present conveyance into one of an entirely different nature.   The estate conveyed, instead of being absolute, would be defeasible ; instead of being a fee-simple, it would be neither an estate in fee, for life nor for years.   Upon the same principle, an estate for years might be enlarged to an estate for life or in fee : in short, any interest in land whatever, might be conveyed, in part at least, by parol.

HOSMER, Ch. J.  The only question in the case, is, whether the parol evidence offered by the plaintiff, to controul or vary the absolute deed, was admissible.

On a former occasion between the present parties, it was decided, by this Court, that the writing in question was only a contract, on certain terms, to re-convey the land ; and that it did not render the deed a mortgage.   Reading v. Weston, 7 Conn. Rep. 143.   In the case before us, the parol evidence adduced by the plaintiffs, to prove an absolute deed to be a deed on condition, was entirely inadmissible.   No case determined in a court of law proving its admissibility, has been cited ; nor am I aware that any such case exists.   On the contrary, in Flint v. Sheldon, 13 Mass. Rep. 443. it was adjudged, that an absolute deed of land cannot be varied, by parol evidence, shewing that it was for the loan and re-payment of a sum of money.   This determination is directly in point for the de-

*Fairfield,*
June, 1830.

Reading
*v.*
Weston.

fendants. It has been so frequently adjudged, by the courts on both sides of the *Atlantic*, as to have the resistless force of a maxim, that parol evidence cannot be received, in a court of law, to contradict, vary, or materially affect, by way of explanation, a written contract. *Skinner* & al. v. *Hendrick*, 1 *Root* 253. *Stackpole* v. *Arnold*, 11 *Mass. Rep.* 27. *Jackson* d. *Van Vechten* & al. v. *Sill* & al. 11 *Johns. Rep.* 201. 3 *Stark. Ev.* 1002. 1 *Phill. Ev.* 423. 441. It is not in opposition to this legal truth, that extrinsic parol evidence, when requisite, is admissible to apply the terms of a written instrument to a particular subject matter, but in perfect consistency with it. This is not to vary or contradict, but to give its intended effect to the contract.

Undoubtedly, there have been determinations, some of which have been cited, proving that a stranger is not estopped, by a written agreement ; but that he may adduce parol testimony to prevent a fraudulent operation of it upon his interests. *The King* v. *Scammonden*, 3 *Term Rep.* 474. *New-Berlin* v. *Norwich*, 10 *Johns. Rep.* 229. 3 *Stark. Ev.* 1018. 1052. But this principle has no application to the present case. The plaintiffs have not suggested, that there was any fraud contemplated and practised on them. The pretence would have been very strange, unless it were followed up, by explicit testimony to this effect. The inhabitancy of *Lucy Darling, prima facie*, with property sufficient to purchase a farm of the value of 800 dollars, was a benefit to the plaintiffs, and not a prejudice ; and all our towns would be pleased, in this manner, to extend their population.

It will be observed, that the question before us, is not what a court of chancery may do, in the exercise of its peculiar jurisdiction, but what is the established rule of a court of law. It has been often decided in chancery, that parol evidence is admissible to shew, that an absolute deed was intended as a mortgage, and that a defeasance was omitted through fraud or mistake. Hence, a deed absolute on the face of it, and though registered as a deed, will in chancery be held valid and effectual as a mortgage, as between the parties, if it was intended by them to be merely a security for a debt, although the defeasance was by an agreement resting in parol. *Washburn* v. *Merrills*, 1 *Day* 139. 1 *Pow. Mort.* 200. *Strong* & al. v. *Stewart*, 4 *Johns. Chan. Rep.* 167. *James* v. *Johnson* & al. 6 *Johns. Chan. Rep.* 417. *Maxwell* v. Lady *Mountacute, Prec.*

*in Chan.* 526. *Dixon* v. *Parker,* 2 *Ves.* 225. *Marks* & al. v. *Pell,* 1 *Johns. Chan. Rep.* 594. *Clark* v. *Henry,* 2 *Cowen* 324. *Slee* v. *Manhattan Company,* 1 *Paige* 48. But these decisions are altogether in support of the determination of the judge in this case. Chancery interposes, because a court of law does not afford a remedy. The rule in the courts of law, is, that the written instrument, in contemplation of law, contains the true agreement of the parties, and that the writing furnishes better evidence of their intention than any that can be supplied by parol. But in equity, relief may be had against any deed or contract in writing founded in mistake or fraud. 1 *Madd. Chan.* 41. *Moses* v. *Murgatroyd,* 1 *Johns. Chan. Rep.* 128. *Marks* & al. v. *Pell,* 1 *Johns. Chan. Rep.* 594. *Gillespie &* ux. v. *Moon,* 2 *Johns. Chan. Rep.* 585. *Noble* v. *Comstock,* 3 *Conn. Rep.* 295.

On the whole, it is incontrovertibly clear, that the decision complained of, is correct, and that a new trial must be denied.

PETERS, WILLIAMS and BISSELL, Js. were of the same opinion.

DAGGETT, J. having been of counsel in the cause, gave no opinion.

New trial not to be granted.