Litchfield, Use, &c., v. Falconer.

LITCHFIELD, USE, &C., v FALCONER.

1. Parol evidence is not admissible to contradict, vary, or materially affect, by way of explanation, a contract in writing, either in its terms, or *legal effect.*

2. *Semble*—Notwithstanding the usual expression of consideration, viz: "for value received," &c., the maker of a note may show, as against the payee, or other person standing in the same situation, that the note was given without consideration, or that the consideration has failed ; or that a fraud was practised upon him ; and under some circumstances, that the consideration was illegal.

3. As it is allowable for the maker of a promissory note to show the want, or failure, of consideration in an action against him, he must be permitted to prove the contract, viz : the inducements to the making and receiving the note.

4. Where part of a deposition is admissible evidence, and part not, upon an objection to the entire deposition, the court is not bound to distinguish between the legal and illegal testimony, but may overrule the objection generally.

5. Where a promissory note is payable on a day certain, it is not permissible to show, that by a verbal agreement made simultaneous with, or previous to, the time it was made, that it was agreed that payment should not be required until a more distant day, or the happening of a future event.

6. The endorsement of a promissory note is a sufficient consideration for a promise by the endorsee to pay the endorser an equivalent sum.

The plaintiff in error brought an action of debt against the defendants in the Circuit Court of Greene, on a bill single, dated on the 7th day of February, 1836, for the payment of six hundred and seventeen 50-100 dollars, on the first day of January thereafter. The cause was tried on pleas which averred—1st. That the writing declared on, was executed

when said Allen proposed to sell said Litchfield a certain negro woman. The proposition was made at my house in Greene county, and sale confirmed for eight hundred dollars, payable out of the proceeds of a note Litchfield handed over at the time to said Allen; said note was for about twelve or thirteen hundred dollars, as well as is remembered, made by Willis A. Arrington and Anthony S. Arrington, and payable to James Battle. At that time, said Allen gave his note to Litchfield for the overplus of said note, with Alexander H. Falconer security. Said Allen was to retain the price of said negro out of said collection when effected, and then to pay over the surplus to Litchfield in discharge of the note he and without any consideration therefor; and 2nd. That the consideration on which the same was founded, had wholly failed.

On the trial, the plaintiff excepted to the ruling of the presiding Judge; from which it appears—First: That the Court, against the objection of the plaintiff, permitted the defendants to read the deposition of one L. L. Alsobrook; that the deposition was objected to, on the ground that the facts stated were inadmissible. The question to, and answer of, the witness are as follows: " Were you or not present at a trade made between Litchfield and Allen for a negro, which Litchfield bought of Allen; where was the trade made, and when, and what was the terms?" To this question the witness answered, that " he was, to the best of his recollection, present Falconer had given for such surplus. Said note so given by Allen and Falconer, was to be paid out of the overplus of money so to be collected of Arrington, as I remember the matter. I do not remember whether it was expressly stated that Allen and Falconer were not to be liable, unless the money was so collected of Arrington. All these things took place, I think, about the first of the year 1836, say January or February, possibly a little sooner or latter," &c.

Second: The plaintiff offered to read to the jury a regularly certified transcript of the record of a suit pending in the Circuit Court of Sumter, in favor of the defendant, Allen, against the plaintiff, upon his endorsement of the note of the Arringtons, referred to in the deposition of Alsobrook. To the introduction

23

of this transcript as evidence, the defendants objected, and their objection was sustained.

Third: The plaintiff then prayed the Court to charge the jury that, if they believed that Litchfield endorsed the note of the Arringtons to Allen, his endorsement might furnish a sufficient consideration for the note, now sued on; which charge the Court refused to give.

A verdict was found for the defendants, and judgment being thereupon rendered, the plaintiff has prosecuted a writ of error to this Court.

PECK for the plaintiff in error.

MURPHY & JONES for the defendant.

COLLIER, C. J.—It is insisted for the plaintiff, that the Circuit Court erred—1st. In admitting the deposition of Alsobrook to be read to the jury as evidence. 2nd. In rejecting the transcript of the record from the Circuit Court of Sumter, to shew the pendency of a suit in that Court in favor of the defendant, Allen, against the plaintiff. 3rd. In refusing to instruct the jury that, if they believed the plaintiff endorsed the note of the Arringtons to the defendant, Allen, "such endorsement might furnish a sufficient consideration for the note sued on."

1. By a statute of this State, it is enacted, that whenever any suit is pending in any court founded on any writing under seal, it shall be lawful for the defendant, by special plea, to impeach its consideration in the same manner as if it had been sealed. [Aik. Dig. 283, sec. 138.] It was then competent for the defendants to plead either a want, or the failure of the consideration.

It is a settled principle, both in the English and American courts, that parol evidence is not admissible to contradict, vary, or materially affect, by way of explanation, a contract in writing. [Reading vs. Weston, 8 Conn. Rep. 121; Stevens et al. vs. Cooper et al., 1 John's Ch. Rep. 425; Reed vs. Clark, 4 Mon. Rep. 20.] This rule rests upon the ground that written evidence is of a higher grade than the mere verbal declarations of witnesses; and consequently, where parties have agreed

upon the terms of a contract, which is afterwards reduced to writing, the verbal agreement is merged in the written con-tract. [Barber vs. Brace, 3 Conn. Rep. 9 ; Sommerville vs. Stephenson & Johnson, 3 Stew. Rep. 271 ; Mead vs. Steger, 5 Por. Rep. 498. See further the cases collected in 5 Am. Com. L. cases 174 ; Paysant vs. Ware & Barringer et al. ,Ala. Rep. N. S. 160 ; White vs. Beard, adm'r., Ibid 436.]

Notwithstanding the generality of the terms in which the principle is declared, it has been often held, that the maker of a promissory note, notwithstanding the usual expression of consideration, such as "for value received," &c., may show as against the payee, or other person standing in the same situation, that the note was given without consideration, or that the consideration has failed ; or that a fraud in respect to it was practised upon him by the other party ; and under some circumstances, that the consideration was illegal. The American decisions to this point are collected by the learned annotators upon Phillips' Evidence, Cow. & H.'s ed. 3 vol. 1458--9. See also Murchie vs. Cook & McNab, 1 Ala. Rep. N. S. 41 ; Simontons vs. Steele, ibid 357.

In Goddard vs. Cutts, 2 Fairf. Rep. 442, it is said that, when a note "has been made, executed and delivered as such, it is not admissible by law to look for any of its terms *aliunde*. They can be proved only by the instrument itself." [To S. P., Harris vs. Caston, 2 Bail. Rep. 343.] And it has been holden, that a note payable on demand, or on a specified day, cannot be varied in its operation by evidence of a previous, or contemporaneous, verbal agreement that the principal should not be called for, so long as the interest was punctually paid ; or that it should be paid at another time, or in any other mode than it imported on its face. [Trustees, &c., vs. Stetson, 5 Pick. Rep. 506 ; Woodbridge vs. Spooner, 1 Chitty's Rep. 661; Dow vs. Tuttle, 4 Mass. Rep. 414; Fitzhugh vs. Runyon, 8 Johns' Rep. 375 ; Bradley vs. Anderson, 5 Vern. Rep. 152 ; Thompson vs. Ketcham, 8 Johns' Rep. 189.] So it has been decided that, where one adds, after the close of a promissory note signed by another, that he acknowledged himself to be bound as surety for its payment, he is considered as an original promissor ; and parol evidence that he was to be liable to

pay, only on condition that the other promissor could not, is inadmissible. [Hunt vs. Adams, 7 Mass. Rep. 518; see also O'Hara vs. Hall, 4 Dall. Rep. 340 ; Clark vs. McMillan, 1 No. Caro. Law Repo. 265.] In Sommerville vs. Stephenson & Johnson, 3 Stewart's Rep. 271, it was held that parol evidence of an agreement, between the endorser and endorsees at the time of the assignment of a bond, that the latter should not require payment of the obligor within two years, was not admissible as an excuse for not employing due diligence, so as to charge the endorser. And in Dupuy vs. Gray, Minor's Rep. 357, which was also an action against the assignor of a bond, it was decided, that evidence of a verbal agreement, made at the time of the assignment, that the assignor was not to be liable until it should be ascertained by suit, that the money could not be collected of the obligor, went to vary and control the terms and legal effect of the contract in writing, and was consequently in admissible. [See also Wesson vs. Carroll, Minor's Rep. 251 ; Odam vs. Beard, 1 Blackf. Rep. 191 ; Butler vs. Suddeth, 6 Mon. Rep. 541.] So the legal effect of written contracts cannot. be varied or explained by parol evidence any farther than an express stipulation. [Barringer et a l. vs Sneed, 3 Stewart's Rep. 201 ; La Farge vs. Rickert, 5 Wend. Rep. 187 ; Pattison vs. Hull, 9 Cow. Rep. 747 ; Creery vs. Holly, 14 Wend. Rep. 30 ; Hightower vs. Ivy, 2 Porter's Rep. 308 ; Simpson vs. Henderson, 1 Mood & Malk. Rep. 300.]

Where the written agreement is equivocal, it is said the circumstances under which it was made, may be shewn in order to explain its meaning. [Crawford et al. vs. Janets, adm'r., 2 Leigh's Rep. 636 ; see also *ex parte* Adney, 2 Cowp. Rep. 460 ; Haywood vs. Perrin, 10 Pick. Rep. 228.] And a parol agreement, upon a sufficient consideration, made subsequent to the giving of a note, is admissible in evidence to vary its legal effect. [Erwin vs. Saunders, 1 Cow. Rep. 249; see 3 Phil. Evi. Cow. & H.'s ed. .1477, and cases there cited.] So a contemporaneous written agreement, connected with a note by direct reference, or necessary implication, may be resorted to, for the purpose of varying its legal effect and import. [Hunt vs. Livermore, 5 Pick. Rep. 395 ; Davlin vs. Hill, 2 Fairf. Rep. 434.] And if a note expressly refer to a verbal condition *ali-*

*unde*, without showing what the condition is, the condition may be proved, and thus annexed to the note. [Couch vs. Meeker, 2 Conn. Rep. 305.

Having stated these illustrations and qualifications of the general rule, that parol evidence cannot be received to contradict, vary or materially affect, by way of explanation, a contract' in writing, we proceed to consider whether the deposition read to the jury in the Circuit Court was improperly admitted.

The pleas were : *first*, that the writing sued on was executed without any consideration ; *second*, that the consideration had failed. These pleas are affirmative, and the *onus* of sustaining them by proof lay upon the defendants. To do this, it was indispensably necessary, that the circumstances under which the writing was made, should have been shown to the jury : otherwise it would have been impossible to show, either that there was no consideration, or that the consideration had failed. The deposition states the contract between the parties, and the inducements of the one to make, and the other to receive, the note, and thus far, it was clearly admissible. If it discloses other facts, which it was not allowable to show, these facts should have been specially objected to ; but the objection being to the entire deposition, the Court was not bound to distinguish between the legal and illegal testimony; but finding a part of it proper, the refusal to reject the whole is not available on error.

The defendants, by their note, promise to pay on a day certain; and any evidence tending to shew that it was previously, or simultaneously, agreed by parol, that payment should not be required until a more distant day, or until the happening of some future event, would be obnoxious to the objection of varying the written contract, and therefore inadmissible. If the note of the Arringtons was handed over to Allen without an endorsement, the defendants could not shew in their defence, that there was a verbal agreement between the plaintiff and themselves, that they should not be called on to pay their note, until an effort had been made to coerce a collection of the Arringtons : for, as this might not be done until their note had become due, such evidence would go to fix a day of payment different from that expressly stipulated by the parties.

So, if Allen received the note of the Arringtons with the general endorsement of the plaintiff, the defendants could not have shown that there was a verbal agreement simultaneously made, by which the legal steps, in order to charge the endorser, were to be dispensed with. The cases of Sommerville vs. Stephenson & Johnson, and Hightower vs. Ivy, already cited, are explicit upon this point. But it would have been competent for them to prove that the remedy against the Arringtons had been exhausted without obtaining a satisfaction of their note; for the consideration of the defendants' note would then have failed, and the liability of the plaintiff as an endorser, would have attached in favor of Allen, his endorsee. We have considered the defence upon the hypothesis, that the note of the Arringtons may not have been endorsed by the plaintiff; because the evidence on that point is not set out in the bill of exceptions.

2. If it appeared from the bill of exceptions, that the note of the Arringtons with the plaintiff's endorsement, had been given in evidence by the defendants, then the transcript of the record of the suit from the Sumter Circuit Court would have been unnecessary, if not inadmissible; but it does not appear that, that note was before the jury. It may have been that the note was produced and the endorsement was erased, so that it became necessary to show the fact by evidence *aliunde*. Upon either supposition, the transcript was admissible to prove that the note described in it had been endorsed; and it would have been competent for the plaintiff to identify it by other testimony. As the fact then proposed to be shown, was *prima facie* important to enable the plaintiff to rebut the defence set up, the rejection of the transcript is a fatal error.

3. The transcript being excluded by the Court, it does not appear that there was any evidence before the jury of the plaintiff's endorsement; had there been, the charge prayed should doubtless have been given. The transfer of a promissory note by endorsement, furnishes a sufficient consideration for a promise by the endorsee, to pay the endorser an equivalent sum, and the *onus* of showing a failure of consideration is then thrown upon the endorser.

We cannot think the bill of exceptions (though drawn out to an unnecessary length) states all the material facts which were proved at the trial, certainly not enough to present for revision all the questions intended to be raised. Upon the second point, the judgment is reversed and the cause remanded.