## WEST & WEST vs, KELLY'S EX'RS.

1. The rule is inflexible, that if a written instrument is perfect and complete of itself, parol evidence cannot be received to add another term to it, or to change its legal effect.

2. If it is apparent, however, that the written instrument contains but a part of the agreement entered into by the parties, then parol proof may be received to prove the entire contract.

3. But the parts of the agreement proposed to be proved by parol must not be inconsistent with, or repugnant to the intention of the parties as shown by the witten instrument.

4. In assumpsit on a promissory note purporting to be given for professional services to be rendered in future by the payees as attorneys at law, but payable at a day certain, parol proof is inadmissible to show that it was the agreement of the parties, that the note should not be paid unless the payees were successful in the suit for the bringing of which it was given.

5. The court is not bound to separate legal from illegal evidence when both are offered together, but the whole may be rejected.

Error to the County Court of Pickens.

Assumpsit on a promissory note executed by the plaintiffs in error, of which the following is a copy : "For and in consideration of services to be performed by H. W. Ellis and Isham H. Kelly, attorneys at law, &c., in a certain suit in chancery hereafter to be instituted in our behalf against David Sloan to remove him as trustee, &c., we promise to pay to them on the first day of January, A. D. 1842, the sum of two hundred dollars. Carrollton, Ala., Dec. 4, A. D. 1840," signed by the defendants. On the trial, the defendants offered to prove by a witness that the note was not to be paid, unless the payees were successful in the chancery suit spoken of, and that they were not successful. The evidence was excluded by the court, to which the defendants excepted.

Huntington, for the plaintiffs in error, cited Self v. Herrington, 11 Ala. 489 ; Givhan v. Daily's Adm'r., 4 ib. 336 ; Cutter v. Powell, 2 Smith's Leading Cases, page 1 and notes.

E. W. Peck, contra.

Dargan, C. J.—The general rule is admitted by all, that parol proof cannot be received to add to, detract from, vary or contradict a written contract. But the application of this gen-

eral rule to each particular case is frequently a task of difficulty, and has given rise to as many contradictory decisions, as any question with which courts have had to deal. If the instrument is perfect and complete, that is, if it contains the entire contract, then the rule is inflexible that parol evidence cannot be received to add another term to the written instrument, or to change its legal effect.—3 Starkie on Ev. 1006 ; Cowen & Hill's Notes to Phil. Ev. 1471 ; Litchfield v. Falconer, 2 Ala. 280 ; Paysant v. Ware & Baringer, 1 ib. 161 ; Beard v. White, 1 ib. 436 ; McCay v. Moss & Newberry, 5 Por. 88. But if it be apparent that the instrument in writing contains but a part of the agreement entered into by the parties, then parol proof may be received to prove the entire contract, otherwise the contract could not be brought before the court.—Cowen & Hill's Notes to Phil. Ev. 1471-2-3. But the parts of the agreement proposed to be proved by parol must not be inconsistent with, or repugnant to, the intention of the parties, as shown by the written instrument ; for, to receive parol proof of a part not reduced to writing, which is directly repugnant to the intention of the parties, as expressed in the written instrument, would at once annul the rule that parol evidence cannot be received to contradict or vary the terms of a written agreement.—Jeffrey v. Walton, 1 Starkie, 267 ; Cowen & Hill's Notes, 1472.

Applying these general rules to the instrument sued on, and to the parol proof offered by the defendants, which was rejected by the court, I can perceive no error. The note shows upon its face that it was given for professional services, to be afterwards rendered, but it is payable at a time certain, and is, in legal effect, a promissory note. The parol proof, however, tended to show that it was the agreement of the parties that the note should not be paid, unless the payees, who were attorneys at law, should be successful in the suit they were to bring, and for the bringing of which the note was given. To allow this proof would be to allow parol evidence to change the intention of the parties as expressed in the note. It would not only alter the time of its payment, but would show that the payment of the money, according to the contract, was dependent on a condition or a contingency, and thus the legal effect of the instrument as a promissory note would be destroyed.

But it is argued that the proof offered by the defendants was

admissible, because it tended to prove a failure of consideration. Now I admit that if the proof had tended to prove nothing else, then its rejection would have been erroneous, for there can be no doubt that parol evidence may be received to prove a failure of consideration either in whole or in part. But the proof offered by the defendant went further than this. It tended to prove that the payment of the note was dependent on the condition that the payees were successful in the suit they were to bring, and that this was a term of the contract. It was offered too, as a whole. It might, therefore, properly be rejected, for the court is not bound to separate legal from illegal evidence, when both are offered together. It is for the party himself to separate the legal from the illegal proof and offer such only as is legal. If he does not do this, but offers both legal and illegal evidence as a connected whole, it is not error to reject it.

Let the judgment be affirmed.