# Gliddens *v.* Harrison *et al.*

## *Promissory Note.*

1. *Parol evidence of stipulations, inconsistent with the terms of a note, is inadmissible.*—The makers of a promissory note, payable absolutely at a time certain, can not introduce parol evidence of prior or cotemporaneous stipulations, that are inconsistent with the terms of the note, to defeat a recovery by the payee.

APPEAL from the Circuit Court of Lowndes.
Tried before the Hon. JAMES Q. SMITH.
The facts appear in the opinion.

W. C. GRIFFIN, and DAVID CLOPTON, for appellant.

R. M. WILLIAMSON, and W. H. HOUGHTON, for appellees.

BRICKELL, C. J.—The promissory note, on which the suit is founded, is payable absolutely, at a time certain. Its consideration, is shown to have been the transfer by delivery to the defendants, of the promissory note of a third person,

[Bolling v. Munchus.]

held by the plaintiff, for a much larger amount, than the sum expressed in the note, and two others cotemporaneously made, for a like amount, payable at different times. The defendants, against the objection of the plaintiff, were permitted to prove, that at the time of the making of these notes, they had purchased from the person whose note was transferred to them, a tract of land; and the plaintiff verbally agreed, that if they failed to pay for, and hold the land, the notes should not be paid, and failing to pay for, they had lost all said land, except eighty acres. This evidence was not addressed to the consideration of the court, but it was designed to show, and had the effect of showing, a cotemporaneous verbal agreement, which is repugnant to, and contradictory of the terms of the note, and of the intentions of the parties as therein expressed. The note was converted from an absolute, into a conditional promise, and the contingency on which it was to become an operative promise, might occur before, or not until long after the time of payment appointed in it. The admission of the evidence, was an infringement of the rule, that contracts in writing can not be varied or contradicted by parol evidence of prior or cotemporaneous inconsistent or repugnant stipulations.—*West v. Kelley*, 19 Ala. 353; *Litchfield v. Falconer*, 2 Ala. 280.

The transfer to the defendants of the promissory note, was a sufficient consideration for the notes executed by them, though the maker of it, may not have paid, or promised to pay them for it. The transfer clothed them with the legal right to demand and compel payment; and it is shown beside, that the transaction was at his request. On the undisputed legal evidence, the plaintiff was entitled to recover, and the court erred in refusing so to instruct the jury.

The judgment is reversed, and the cause remanded.

STONE, J., not sitting.