## FISHER, RESPONDENT, *v.* BRISCOE, APPELLANT.

PRACTICE—*Amendment of pleading.*—Where an answer has been amended and different facts presented, the denial of a motion to strike out new matter in the first answer does not establish the law of the case so as to control the court in a ruling upon a motion for judgment on the pleadings made after such amendment. (*Newell* v. *Meyendorff,* 9 Mont. 254; 18 Am. St. Rep. 746, distinguished.)

CONTRACTS—*Promissory notes—Consideration—Collateral security.*—Where it was agreed between the maker and payee of certain notes that the shares of stock, in payment for which the notes were given, should be transferred, and the certificates issued to the maker and deposited in bank as collateral security for the payment of the notes, there is no failure of consideration where the deposit is so made that the maker would obtain control of the certificates upon the payment of the notes, although they had not been so transferred and reissued.

EVIDENCE—*Collateral security—Promissory notes.*—In the case at bar it was alleged that at the time of the execution of a written agreement it was agreed that a particular construction should be given to the terms of the writing, to the effect that it meant that the collateral security should be exhausted before an action was commenced on the notes. *Held,* that such contemporaneous construction was within the purview of section 628, first division of the Compiled Statutes, providing in substance that when the terms of an agreement have been reduced to writing by the parties, there can be no evidence of those terms other than the writing itself.

CONTRACTS—*Collateral security—Defense.*—An agreement that collateral security for the payment of certain notes shall be first exhausted before suit is brought upon the notes, must be supported by an independent consideration. That such an agreement would be available as a defense to an action on the notes *doubted.* (*Creighton* v. *Vanderlip,* 1 Mont. 400, cited.)

*Appeal from First Judicial District, Lewis and Clarke County.*

Judgment on the pleadings was rendered for the plaintiff by HUNT, J.

Statement of facts, prepared by the judge who delivered the opinion.

This is an appeal from an order granting a motion for judgment on the pleadings, and from the consequent judgment. The complaint is on two promissory notes, each for five thousand dollars, and dated November 1, 1887, made by defendant, payable to plaintiff.

The amended answer of defendant admits the making and delivery of the notes, and further alleges that each of said notes bears the following indorsement, "Collateral in Second National Bank to secure this note, to be first exhausted." This answer then sets up the following matter as a separate defense: That prior to the execution of the notes, defendant bought from plaintiff eighty-five thousand shares of stock in a mining company for twenty thousand dollars, of which he had paid ten thousand dollars at the time of making the notes; that as part consideration for the notes, plaintiff agreed to cause these shares to be transferred to defendant on the books of the company, and the certificates issued to defendant; and it was agreed in writing that the shares should be deposited as collateral for the notes, with conditions for the delivery of the shares to defendant, on payment of the notes; and, *if the notes were not paid,* the stock was to be delivered to plaintiff, and by him sold as a pledge, and the proceeds applied to the payment of the notes. The answer further sets forth that plaintiff did not cause the shares to be transferred and issued to defendant, but the certificates were deposited as collateral as agreed, except that they were not transferred and issued to defendant, or assigned to him, and the same remained subject to the order of the plaintiff; that plaintiff did not exhaust said security, and refuses to recognize any right of defendant in said stock; that it was agreed by plaintiff and defendant, at the time of making the notes, that said stock should be assigned to defendant, and delivered by defendant to plaintiff as collateral, and that the collateral

should be exhausted before suit was commenced on the notes; that the stock is of value, and if sold, and the proceeds applied, would pay all or part of the notes. Defendant prays that the action be abated, until plaintiff has exhausted the security as contemplated. The written agreement referred to in the answer is as follows:—

"The enclosed eighty-five thousand shares of stock in the Frohner Gold and Silver Mining Company are deposited as collateral security for the payment of two promissory notes, of five thousand dollars each, executed by John O. Briscoe to Henry Fisher, one payable in six months, and the other payable in nine months from date. Upon the payment of the first note, forty-five thousand shares to be delivered to the said Briscoe, and balance to be delivered to him on payment of the other said note, and if said first note is not paid at maturity, the said forty-five thousand shares to be delivered to said Fisher to be held and disposed of as collateral security for said note, and if said second note is not paid at maturity, then the residue of said stock to·be likewise delivered to said Fisher for a like purpose.

"November 1, 1887.          J. O. BRISCOE.

"HENRY FISHER."

A motion was made by plaintiff to strike out from the answer the matter set up as a separate defense. This motion was denied, and a replication filed, of which it is sufficient to say that it contained denials which formed an issue. With these pleadings the case went to trial. The defendant was upon the stand as a witness, and his counsel asked him this question: "Go on, and in your own way give a history in brief as to the consideration of these two notes. If they were notes given in renewal of notes, state the consideration of the notes they were given in renewal of." The plaintiff objected to this question upon the ground that it is not contended in the answer that the notes were given in renewal of notes, and for the further reason that the latter part of the question says: "If they were notes given in renewal, state the consideration of the notes they were given in renewal of." The objection was sustained. Thereupon the defendant obtained leave, and amended his answer. This amended answer, which was the second amended answer in the case, states the facts alleged in

the former amended answer, except that it alleges that the indorsements on the notes in suit was "secured by collateral of forty thousand shares of the capital stock of the Frohner Gold and Silver Mining Company," and a like indorsement upon the other note as to forty-five thousand shares of said stock. It pleads the same written instrument above set forth in full, and then alleges the following additional matter: that the purchase of the stock was in June, 1887, on which defendant paid five thousand dollars, and the stock was deposited in the bank to be delivered to defendant upon his paying the balance of fifteen thousand dollars within thirty days, and upon his failure, he was to forfeit the five thousand dollars and the stock; that on July 29th, the parties made another contract, by which it was agreed that defendant should pay plaintiff one thousand dollars in cash, and deliver four notes, one for five thousand dollars due September 1st, one for five thousand dollars due November 1st, one for three thousand dollars due August 6th, and one for one thousand dollars due August 15th, and defendant should still have the stock. The sum of these notes and the cash make up the former sum of fifteen thousand dollars. That the one thousand dollars cash was paid; that it was agreed that the stock should be deposited and held as collateral for the notes, and upon each of these notes was indorsed "Collateral in Second National Bank to be first exhausted," and it was agreed that no action at law should be commenced until such collateral was exhausted; that the notes were paid, except the two five thousand dollar ones. Then comes the transaction of November 1st. Defendant took up the two five thousand dollar notes by giving the notes sued on. The notes given up had the indorsement as to exhausting the collateral, the new notes, the ones now in action, did not. Then follows the allegations as to the making of the written instrument above set forth, and defendant avers further that at the time of the execution of said written instrument the same agreement was made as on July 29th, that is, that the stock should be first exhausted in the payment of the notes; that he, defendant, called the attention of counsel for plaintiff, who had drawn the instrument, to the fact that the language "to be first exhausted in the payment of said notes" was not inserted in said instru-

ment, as by the agreement it should be, and that said counsel informed him it would have the same legal effect, and that it would be obligatory upon plaintiff to first exhaust the collateral before proceeding by action at law to collect the notes; that this was the mutual understanding between plaintiff and defendant at the time of the execution of said instrument, and that such was their construction thereof. The further allegations of this second amended answer are the same as the first amended answer. No replication was filed to this last pleading of defendant. Plaintiff then moved for judgment on the pleadings, which motion was granted, and judgment entered accordingly, from which order and judgment defendant appeals.

*McConnell & Clayberg,* for Appellant.

An order once made must be the law of the case until it is reversed by the appellate court. (*Newell* v. *Meyendorff,* 9 Mont. 254; 18 Am. St. Rep. 746; *Kemper* v. *Town of Waverly,* 81 Ill. 278; Freeman on Judgments, §§ 15–23; *Exchange Bank* v. *Ford,* 7 Colo. 314; *Williams* v. *Hayes,* 68 Wis. 248; *Territory* v. *Christensen,* 31 N. W. 847, and note [Dak. Jan. 1887]; *Schobacher* v. *Germantown F. M. I. Co.* 59 Wis. 86; *Selz* v. *First Nat. Bank,* 60 Wis. 246; *Newman* v. *Newlon,* 14 Fed. Rep. 634; *Breed* v. *Ketchum,* 51 Wis. 164; *Bank of United States* v. *Moss,* 6 How. 31; *Jackson* v. *Ashlon,* 10 Peters, 480; *Washington Bridge Co.* v. *Stewart,* 3 How. 413; *Cameron* v. *McRoberts,* 3 Wheat. 591; *Latimer* v. *Morrain,* 43 Wis. 107; *Wise* v. *Frey,* 9 Neb. 217; *Hansen* v. *Berquest,* 9 Neb. 269.)

The doctrine stated in the case of *Belk* v. *Meagher,* 104 U. S. 289, cited by respondent, applies alone to exceptions taken to the introduction of testimony, and to the exceptions to instructions given to a jury.

The second amended answer avers "that the same agreement which was made on the 30th of July, 1887, to wit, that said stock should be first exhausted in the payment of said notes, was agreed upon and understood by and between the plaintiff and the defendant." The fact that this agreement was not inserted in the instrument marked "Exhibit A," will not prevent its being proved by parol evidence. While parol evidence is not admissible to vary or contradict a writing, still a verbal

contract may be proved, although the parties have made a written contract, if it does not contradict or vary the writing. (*Hersom* v. *Henderson*, 21 N. H. 224; 53 Am. Rep. 185.)

In that case there was a bill of sale of some horses containing a receipt for the payment of their price. In this writing nothing was said about a warranty of their soundness, and an alleged parol contract of warranty was permitted to be proved for the reason that it did not vary or contradict the bill of sale, and this was allowed notwithstanding the parol warranty was made before the bill of sale was executed.

In the case at bar the instrument marked "Exhibit A" simply provides that the certificates of stock were to be deposited as collateral security for the payment of the two promissory notes sued upon, and that upon the payment of the first note, forty-five thousand shares should be delivered to appellant, and upon the payment of the balance, the remaining forty thousand shares were to be delivered, and upon failure to pay said notes at maturity they were to be delivered to the respondent, to be held and disposed of as collateral security for said notes. There is not one word contained in this instrument in reference to the alleged agreement that said stock was to be first exhausted; parol proof then of such an agreement in nowise contradicts or varies said writing. Nor is there any attempt in said instrument to contract about the subject-matter of said alleged parol agreement, there being an entire omission of said agreement. Nothing whatever is said in relation to the obligation of respondent to first exhaust said collateral security before bringing his action at law. It being then wholly independent of said instrument, and in nowise contradicting or varying it, it stands independently and may be proved by parol. (*Allen* v. *Pink*, 4 Mees. & W. 140; 2 Parsons on Contracts [6th ed.], p. 553.) We concede that a creditor simply holding collateral securities is not bound to exhaust said collateral before bringing his action upon the original debt, in the absence of any agreement to do so. (2 Randolph on Commercial Paper, p. 454; *Dugan* v. *Sprague*, 2 Ind. 600; *Rogers* v. *Ward*, 8 Allen, 387; 85 Am. Dec. 710.)

*Toole & Wallace*, for Respondent.

The appellant excepted to the action of the court in granting the motion for judgment upon the pleadings after the second amended answer had been filed, and the ground and point of the exception was simply for the reason "that the questions raised in the motion for judgment upon the pleadings had been adjudicated upon the motion of the plaintiff to strike out certain portions of the first amended answer on the twenty-third day of May, 1889." The court on appeal will not consider any ground or reason for an exception not assigned and presented in the court below. (*Belk* v. *Meagher*, 104 U. S. 289.)

As to the prior adjudication of this question we know of no principle of law by which, if a court had made an erroneous ruling during some part of the case, it would not be able, while the case was yet under its control and jurisdiction, to remedy the error and make its ruling conform to law. (*Newell* v. *Meyendorff*, 9 Mont. 254; 18 Am. St. Rep. 746.)

We submit (1) to entitle the defendant to demand that plaintiff exhaust collateral before suit, he must have a special contract to that effect. (*Lormer* v. *Bain*, 14 Neb. 178; *Banta*, v. *Wood*, 32 Iowa, 469; *Lichty* v. *McMartin*, 11 Kan. 565; *Hale* v. *Rider*, 5 Cush. 231; *Trotter* v. *Crockett*, 2 Port. 401; *Taylor* v. *Cheever*, 6 Gray, 146; Randolph on Commercial Paper, §§ 1677, 1678, and § 202.)

Appellant admits this to be the law. Nothing further on this point is needed.

2. Appellant now seeks to assume that the matter pleaded in the answer, as to the collateral, brings him within the rule of an independent parol agreement relating to a different matter from the writing, and the only authority cited by him simply declares this general doctrine of the law, which we do not care to dispute. But this rule has no application to the case at bar, and appellant recognized that the writing termed "Exhibit A" covered the entire subject when he pleaded a construction of its language by counsel to give the desired effect. If the language of the writing did not comprehend this question, why was it necessary to plead, as given by counsel, a different meaning to its words. It provided for the deposit of the stock, its delivery on payment in lots to appellant, and in case of non-payment, for its delivery to and sale by respondent. The

language, "to be held and disposed of as collateral security for said notes," is comprehensive and unambiguous. (*Sayward* v. *Stevens*, 3 Gray, 97–102.)

That proof of a construction placed on written words (having no uncertain meaning themselves) different from their ordinary meaning, is inadmissible—even though it be alleged this construction was verbally agreed on between the parties themselves at the time of execution—would seem to be settled by abundance of authorities. (1 Greenleaf on Evidence, §§ 276, 277, 280, 281; n. 1, p. 325; n. 1, p. 321; n. 4, p. 328; *Butler* v. *Gale*, 1 Wms. 739; *Bigelow* v. *Collamore*, 5 Cush. 226; *Harper* v. *Gilbert*, 5 Cush. 417; *Goodell* v. *Smith*, 9 Cush. 592–594.)

The cases above cited are analogous, in fact, to the case at bar, and surely the solemn agreement of a party is weightier than the mere statement of an opinion in his presence by his counsel, and this is the precise question asked by the court, as we understand it.

3. But, again, another question is presented. Here even had there been no written agreement concerning the collateral, the notes sued on are ordinary promissory notes, without condition or limitation on their faces, and the effect of such a parol agreement would be to make them conditional contracts; hence, had the instrument termed "Exhibit A" never been executed, this alleged parol agreement would be inadmissible, because it would vary the terms of the notes themselves by attaching a condition about suit thereon not expressed on their face. (1 Greenleaf on Evidence, n. 5, p. 326, and authorities there cited; 2 Parsons on Notes and Bills, p. 504.) As the notes themselves, being written instruments, and moreover recognized as certain contracts of the law merchant, may not be modified by parol, to permit a writing modifying them to be itself modified by parol would be a mere evasion of the rule. But here there was an express written agreement, Exhibit A, which though admissible to control the notes, is so only because it is a contemporaneous writing, and therefore only to the extent that the plain meaning of the words used will allow.

DE WITT, J.—The appellant urges that the motion for

judgment on the pleadings was error, for the reason that the court had theretofore taken a contrary view of the law in denying the motion to strike out the new matter in the first amended answer, which former view should constitute the law of the case on the motion for judgment on the pleadings. This argument is sufficiently answered in that different facts were presented in the second amended answer than in the first. In the first a written agreement to first exhaust the collateral was pleaded. In the second it was not. In the second amended answer, it appeared that this agreement was by parol, and, as respondent claims, varying and contradicting the terms of the written instrument, Exhibit A. In this view, the court, in the ruling on the motion to strike out, did not establish any law of the case controlling its action in the motion for judgment on the pleadings. The second amended answer was the pleading of the case as tried. The former one ceased to perform any further function as a pleading. (*Barber* v. *Reynolds,* 33 Cal. 501.)

There is consequently no occasion here to revert to the action of the court, and appellant's objection thereto in excluding evidence under the first amended answer. *Newell* v. *Meyendorff,* 9 Mont. 254; 18 Am. St. Rep. 746, is not in point. The court, in that case, examined a former pleading, which had been superseded by another, for one purpose only, and sought to make that purpose clear in the following language: "The old answer in the case at bar does not 'perform any further function as a pleading,' but we are not precluded from examining that answer, and the sustaining the demurrer thereto, for the purpose suggested *infra*. . . . . We at this time refer to that ruling, and review the same, not as if an appeal had been taken therefrom to this court, but for the purpose of ascertaining whether the court in such decision, together with his latter reversal of his position in the same case, did not deprive defendant of a substantial right, and exclude him from his day in court. If that be true, defendant has a remedy." No such purpose, as appears in *Newell* v. *Meyendorff,* impels us, in the case now before us, to review the ruling of the court in excluding evidence under a pleading which had been superseded by an amended one, on which the case was tried.

Appellant claims a failure of consideration for the notes, in that, quoting the answer, "the plaintiff afterwards wholly failed to cause said eighty-five thousand shares to be transferred and issued to this defendant, and said shares still remain on the books of the company in the name of the plaintiff;" but he goes on to admit "that the certificates representing said shares were deposited as collateral security in accordance with the terms of said agreement," thus placing them under the control of the defendant, when he paid the notes, as was agreed.

The last point which we will consider is the position taken by respondent, in which he was sustained by the lower court, that the alleged parol agreement to exhaust the collateral before seeking aid in an action at law, is pleading that which varies and contradicts the terms of a written instrument by parol evidence. The statute of this State is as follows :—

"Sec. 628. When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be between the parties and their representatives or successors in interest no evidence of the terms of the agreement other than the contents of the writing, except"—(The exceptions are not here material.) Code Civ. Proc.

Appellant meets this situation with two arguments, which we find some difficulty in reconciling. (1) He pleads that in conversation between appellant, respondent, and respondent's attorney, the parties gave a contemporaneous construction to Exhibit A, to the effect that it meant that the collateral should be exhausted before an action was commenced, and that such contemporaneous construction should now obtain. (2) He argues that the parol agreement was independent and separate from the written instrument, and relating to different subject-matter, and therefore competent to be proved separately and by parol. If the first position be good, the second must fall, for if the parol agreement can be construed into the written instrument, the former was not independent and separate from the latter. Again, if the second position be sustained, the first is faulty, for if the parol agreement is separate and independent, and relating to different subject-matter, its intent could not be construed or imputed into the written instrument.

We are of opinion that the state of facts here presented is one intended to be met by the statute above cited. If the agreement to exhaust collateral before suit brought be valid (and it may be doubted whether it would be a defense in this action, *Creighton* v. *Vanderlip*, 1 Mont. 400) it must be supported by a consideration. If it be independent and separate from the written contract, and relating to different subject-matter, we search in vain for a consideration, and the agreement must be void. It can be sustained only on the ground that its consideration is found in the main agreement. This being concluded, it follows that it was part of the principal contract, and not independent therefrom. Further argument to this effect is found in the fact that the agreement to first exhaust collateral was written upon the original notes, of which these in action are renewals. Again, the parol agreement was practically contemporaneous with the writings. The written agreement is the notes and the Exhibit A together, by which two writings it appears that the notes are absolute on their face, with no agreement for forbearance of suit. We cannot but conclude that the terms of the agreement were reduced to writing by the parties, by virtue of the notes and the Exhibit A, and that there can now be no evidence of those terms other than the writings themselves.

The judgment of the District Court must therefore be affirmed.

BLAKE, C. J., and HARWOOD, J., concur.