## MONTGOMERY *v.* HUNT.

1. Construing together the promissory note sued upon and the contemporaneous written agreement between the parties, it appears that the note was given merely as a collateral security to the payees for one half of certain commissions which it was contemplated would be earned by the maker upon sales of a patent fence.

2. Under the terms of the agreement it was incumbent upon the maker to use reasonable diligence in endeavoring to effect such sales, and if the failure to make them resulted solely from a want of such diligence, he would, as to the commissions, be chargeable as if the sales had been actually made, to the extent that they could have been made by the exercise of such diligence. Otherwise he would not.

3. It was the right of the plaintiff suing upon the note to show that the defendant had made no effort to effect sales, and a corresponding right upon the part of the defendant to show that

this resulted from the failure of the payees to comply with their agreement to furnish him samples of the fence.

4. If the plaintiff purchased the note before its maturity, *bona fide* and for value, without knowing what the consideration was, and without notice of the alleged failure thereof, and also without notice of facts sufficient to put him upon inquiry which would lead to a knowledge of the truth, he would in any event be entitled to recover the full amount of the note. If he purchased with such knowledge or notice, he would be in no better condition than the original payees.

5. The court erred in rejecting evidence, and the charge did not properly present the real issues involved. Let the case be tried again in the light of what is above laid down.

August 18, 1896.

Complaint on note. Before Judge Smith. City court of Hall county. August term, 1895.

In connection with the following report see 93 *Ga.* 438. At the last trial of this case the verdict was again in favor of the plaintiff, and defendant's motion for a new trial was overruled. The motion alleges that the verdict is contrary to law and evidence, and as follows:

Error in admitting the testimony of defendant, on cross-examination, that he had not endeavored to sell any of the fence mentioned in the contract in evidence; his counsel objecting that this was irrelevant.

Error, after admitting the foregoing, in ruling out defendant's testimony, that when he entered into the contract with Magee, Fletcher & Co., Magee promised to send him, within a few days, samples of the fence with which to try to make sales; and that the samples had never been sent or furnished him, and he had not attempted to sell any of the fence, because he had no samples and none had been sent him.

Error in ruling out the following testimony of defendant: "Magee, with whom I made the contract in evidence, told me, before I signed the note sued on and the contract, that the contract was that the note was only given as security for what commissions would be due them, or their part

of the commission if I sold any of the fence, and that I would not have anything to pay on the note unless I sold some of the fence, and then only their part of the commissions; and I signed the note with that understanding." And the following: "Magee said, to induce me to sign the note sued on and before I agreed to sign it, that it was only to be given as security; that it would not and should not be traded; that he would file it away in their office to secure payment of their part of the commissions on what fence I should sell. I signed the note and contract on this statement."

Error in not charging the jury, as requested by defendant's counsel in their argument, that if they found from the evidence that the note sued on was the note for $125 provided in the agreement introduced in evidence, then under said agreement the note was simply security for the one half of the $250 commissions belonging to Magee, Fletcher & Co., from the first 1,000 rods of fence to be sold, and nothing would be due on the note until some part of said fence had been sold by the defendant, as between the original parties; and that if the plaintiff, at the time he purchased the note, had notice of the nature of the transaction, or had sufficient notice to put him upon inquiry which would lead to a knowledge of it, he would hold it subject to this defense by the defendant. The court should have construed the contract or agreement, and given to the jury the above charge or some charge as to defendant's contention, and failing to do so, the charge was not sufficiently explicit, did not cover the case, and did not give the defendant the benefit of the law applicable thereto. The court failed to construe the agreement or explain to the jury its meaning so far as it bore upon the note sued on or showed its consideration, except as stated in the charge hereafter set forth. Counsel for plaintiff contended before the court and jury that the meaning of the contract was, that the note was given to be paid absolutely in considera-

tion that the entire commissions, $250 on the first 1,000 rods of fence sold, was to belong to defendant; and defendant contended that the meaning of the contract was, that the note was given merely to secure the payment to Magee, Fletcher & Co. of their half of the $250 commissions on the first 1,000 rods to be sold, and would not be due unless some of the fence was sold. Defendant's counsel asked the court to construe the contract and to charge the jury that the meaning insisted upon by them was the true meaning; and it was error not to so charge, and not to construe the contract further than is stated in the charge as given, to wit: "This is an action brought by J. H. Hunt against T. B. Montgomery, to recover the amount alleged to be due of the note sued on in this action. The defendant having admitted in his plea that he executed the note sued on and that the plaintiff is the legal holder of it, and the note being in evidence, the plaintiff is entitled to recover the amount due on the note, unless the defendant has established a valid defense to the suit. To this action the defendant pleads, in substance, first, that there was no consideration for the note, and if there was, that it has totally failed; second, that the plaintiff is not a *bona fide* holder of the note for value, and had notice before he became the holder of it; third, that the plaintiff, at and before he became the holder of the note, knew that it was not collectible, that nothing would be due on it unless defendant should sell some of the fencing, and that defendant would be indebted to Magee, Fletcher & Co. only their part of the commissions on such sales, and that the note was given simply as security for their part of the commissions. If the evidence shows that the note sued on was given contemporaneously with the written contract in the evidence before you, which states the consideration of the note, then the two instruments constitute one contract and are to be construed together, and the defendant may plead the failure of the consideration, and also that when the plaintiff purchased

he knew what the consideration was and that it had failed, or had sufficient notice to put him upon inquiry which would lead to a knowledge of the facts; and such plea supported by evidence would be a good defense. A consideration is valid if any benefit accrues to the person who makes the promise, or any injury to the person who receives the promise. If there was no consideration for the note, or if the consideration failed, and the evidence so shows, then the plaintiff could not recover, unless he is an innocent holder of the note, for value, without notice, and bought it before it was dishonored; but if the plaintiff purchased the note before it was dishonored, without notice that there was no consideration or without notice of the failure of the consideration, he would be entitled to recover, even though there was no consideration and though it failed. The holder of a note is presumed to be a *bona fide* holder for value, and the burden is on the defendant to prove the contrary. As to notice I charge you, that if the note was purchased under such circumstances as would naturally excite suspicion, and no inquiry is made, the purchaser is charged with such notice as proper inquiry would have given him; any circumstance which would place a prudent man on his guard in purchasing negotiable papers will be sufficient to constitute notice to a purchaser of such paper before it was due. Notice to affect the purchaser must be before or at the time of the purchase; notice to him after the purchase would not affect him, and would not prevent a recovery on the note."

*Perry & Craig*, for plaintiff in error.

*J. B. Estes* and *J. C. Boone*, contra.

ATKINSON, Justice.

The material facts upon which the questions made under the present writ of error arise were stated when this case was last before this court. (See 93 *Ga.* 438.) It is therefore unnecessary to restate them here. Those portions of

the record, the consideration of which is necessary, will be found stated in the official report.

1. In the case cited above, it was held that the note sued upon should be construed in connection with the written agreement executed contemporaneously with that note. The agreement referred to in terms states, that the note sued upon was given to secure the payment of certain commissions which the parties supposed that the maker would be able to earn in carrying out the written contract, the undertaking of the maker of the note being, that in consideration of the rights and privileges granted to him under the contract in question, he would, in the territory specified, use his endeavors to sell the wire fence concerning which the parties were contracting. He agreed to pay "the first party (the payee of the note) five cents per rod of the commission after he has sold one thousand rods of fence and received all the commission, $250.00, as he has this day secured to be paid $125.00 by execution of his note, being one half of the commission on the first 1,000 rods of fence sold. And if 500 rods of fence have not been sold at the end of six months by the second party, then said company or their authorized representatives are fully empowered to cancel said agency and appoint another agent in his stead; but if they decide to cancel said agency, which shall be at their option, they shall surrender said note after first being paid one half the commission on the fence sold during the said six months." According to this agreement, it is clear that the note was given merely as collateral security for the payment of the commissions which might be earned by the maker of the note in selling the wire fence under the contract executed contemporaneously with it.

2. One other obligation assumed by the maker of the note was to use his endeavor to sell the fence. This stipulation imposed upon him an active duty in regard to the matter, and it was accordingly incumbent upon him to use reasonable diligence in endeavoring to effect sales, and if

the failure to make them resulted solely from the want of
such diligence upon his part, he would, in favor of the
adverse party, be chargeable with having earned the com-
missions, as though the sales which might have been made
by him in the exercise of reasonable diligence had actually
been made. If he made such effort, however, or was, be-
cause of the act of the adverse party, excused from making
it, he would not be guilty of negligence, and could not be
held answerable for commissions as earned which were not
earned.

3. Having assumed the duty of using his endeavor to sell
the fence, it was competent upon the trial of the case for
the plaintiff to show that the defendant had not complied
with this duty, and had made no effort to effect sales, and
it was a corresponding right upon the part of the defendant
to show that his failure to make sales, or his failure to make
an effort to sell resulted from the failure of the payees to
comply with their agreement to furnish him samples of the
fence which he was expected to sell. Two grounds of error
assigned in the motion for new trial will be dealt with in
connection with this view of the case. Upon the trial the
defendant, upon cross-examination, testified that he had not
endeavored to sell any of the fence mentioned in the con-
tract in evidence. His counsel objected to this, upon the
ground that it was irrelevant. The objection was over-
ruled, and the evidence admitted, but after admitting the
evidence thus objected to, the court ruled out the testimony
of the defendant to the effect that when he entered into the
contract with Magee, Fletcher & Co., the payees in the
note, they promised to send him, within a few days, sam-
ples of the fence with which to try to make sales, and that
the samples had never been furnished to him, and that he
did not attempt to sell any of the fence, because he had no
samples, and none had been sent to him. Magee, Fletcher
& Co., the payees in the note, agreed with the maker that
they would keep on hand a full supply of the Champion

Combination Slat and Wire Fence, which would be furnished at all times to the maker at certain prices. The non-compliance with this agreement upon the part of the payees might have been sufficient, and would by a jury doubtless have been considered sufficient to excuse the maker's non-performance of his covenant to attempt to sell; and therefore the court, while ruling correctly in admitting the evidence tending to show that the defendant had not attempted to sell, erred in excluding that part of the evidence which was directed to an explanation of his reasons for not making the attempt.

4, 5. Of course, none of the defenses urged by the defendant could avail against the plaintiff, who was an endorsee, if he purchased the note before its maturity *bona fide* and for value, without knowing anything of the consideration, and without notice of the alleged failure thereof. Whether or not he had notice is a question of fact. Notice may be express, or it may be implied. If before he purchased the paper he had knowledge of such facts in connection with the transaction as would serve to put a prudent man upon inquiry as to the true status of affairs between the original parties, he would be chargeable with notice of every other fact material to be known which he could have discovered had he prosecuted with reasonable diligence the inquiry thus suggested to him; and if it should be found that he purchased with notice, he would occupy no better position than the payees. We think the court, by its charge which is stated in the record, misconceived the true meaning of the contract between the parties, and the true bearing of the written contract upon the promissory note. For this reason, and because of the errors committed in excluding evidence, a new trial is directed.

*Judgment reversed.*