## MONTGOMERY *v.* HUNT.

If any error of law was committed, it was not of sufficient importance to require a reversal of the judgment. The evidence fully warranted the verdict, and the court below did not err in denying a new trial.

Submitted June 20, — Decided July 21, 1899.

Complaint. Before Judge Prior. City court of Hall county. December 13, 1898.

*H. H. Perry*, for plaintiff in error.  *J. C. Boone*, contra.

COBB, J.  Hunt sued Montgomery on a promissory note for $125, dated March 21, 1892, and payable to the order of Magee, Fletcher & Company, for "value received." The note was endorsed by the payees. The defendant pleaded that the note was given to secure the payment of certain commissions which were to become due to the payees in the note whenever defendant as payees' agent should sell a sufficient amount of wire fencing; that defendant has not sold any of the wire fencing, and that hence the consideration of the note has wholly failed; and that plaintiff knew before he bought the note what the consideration of the same was, and that nothing would be due on it unless defendant should sell some of the wire fencing. The case went to trial upon the sole issue as to whether or not the plaintiff was a bona fide holder before maturity of the note sued on. The only evidence relied on to establish the defendant's contention was to the effect that plaintiff had seen a letter from defendant to one Bearden, which was in reply to a letter from Bearden to defendant, inquiring about the note sued on. In the letter to Bearden defendant stated that he had signed the note on conditions, but had no idea of paying anything on it; that he had never received any samples of fencing, and did not think it would sell well in his district. It does not distinctly appear when this letter was alleged to have been seen by plaintiff, but the inference is that it was prior to his purchase of the note. The plaintiff denied ever having seen the letter referred to; and the party who received it testified that he destroyed it immediately upon reading it, and that plaintiff was not present at the time. The jury returned a verdict for the plaintiff for the full amount of the note with interest. The defendant made a motion for a new trial, which was overruled, and he excepted.

This is the third time this case has been tried, and each time the plaintiff has recovered a verdict. See 93 *Ga.* 438, 99 *Ga.* 499. The evidence in the present case was amply sufficient

to sustain the verdict, and there is but one assignment of error, in addition to those contained in the general grounds, in the motion for a new trial. It is alleged that the court erred in qualifying the language contained in section 3699 of the Civil Code, which declares that "Any circumstances which would place a prudent man upon his guard in purchasing negotiable paper shall be sufficient to constitute notice to a purchaser of such paper before it is due," by these words: "But in order for the plaintiff to be affected with notice, he must have had notice of some fact which would have indicated what the consideration of the note sued on was, and of the failure thereof. He must have had notice of some fact which would have put him upon inquiry." While the language of the trial judge may not be perspicuous, it is certainly not cause for granting a new trial in the present case. In view of the fact that three juries have found for the plaintiff, and in view of the further fact that the evidence in the present record greatly preponderates in his favor, we are unwilling to order another new trial.

*Judgment affirmed. All the Justices concurring.*