### 6401.  ADAMS v. HATFIELD.

BROYLES, J. 1. The court did not err in overruling the demurrer to the answer.

2. "Where a promissory note is given contemporaneously with a written agreement between the same parties which states the consideration of the note, the two instruments constitute one contract and are to be construed together; and the maker of the note, when sued thereon by one who purchased it before maturity, for value, may plead the failure of consideration, and also that when the plaintiff purchased he knew what the consideration was and that it had failed, or had sufficient notice to put him upon inquiry which would lead to a knowledge of these facts." *Montgomery* v. *Hunt*, 93 *Ga.* 438 (21 S. E. 59). Failure of consideration may be pleaded also where the holder of the note, when he purchased it, knew what the consideration was, and had notice, express or implied, that it probably would fail. As was said by the Supreme Court in *Montgomery* v. *Hunt*, 99 *Ga.* 499, 506 (27 S. E. 701): "Notice may be express, or it may be implied. If before he purchased the paper he had knowledge of such facts in connection with the transaction as would serve to put a prudent man upon inquiry as to the true status of affairs between the original parties, he would be chargeable with notice of every other fact material to be known which he could have discovered had he prosecuted with reasonable diligence the inquiry thus suggested to him; and if it should be found that he purchased with notice, he would occupy no better position than the payees."

(*a*) "Any circumstance which would place a prudent man upon his guard, in purchasing negotiable paper, shall be sufficient to constitute notice to the purchaser of such paper before it is due." Civil Code, § 4291.

(*b*) "The character and sufficiency of the circumstances in a particular case which should place a prudent man on his guard are to be determined

as questions of fact by the jury, and not by the judge as questions of law." *Park* v. *Buxton*, 10 *Ga. App.* 356 (73 S. E. 557).

3. The 1st, 2d, 3d, and 4th grounds of the amendment to the motion for a new trial, which complain of the admission of certain evidence (oral and documentary), are without merit. Under the pleadings the evidence was clearly admissible.

4. The excerpt from the charge of the court complained of in the 5th ground of the amendment to the motion for a new trial is not erroneous for any of the reasons assigned. "The rule of the common law that there could be no delivery in escrow of a deed to the grantee is still in force in this State, but it has no application to ordinary simple contracts in writing, especially those not reciting delivery." *Heitman* v. *Commercial Bank*, 6 *Ga. App.* 584 (7), 585 (65 S. E. 590). See also *Moore* v. *Farmers Mutual Association*, 107 *Ga.* 199 (33 S. E. 65).

5. The 6th, 7th, and 8th grounds of the amendment to the motion for a new trial, assigning error upon various excerpts from the charge, are without substantial merit. These instructions were correct statements of the law, and properly adjusted to the pleadings and the evidence.

6. The court did not err in refusing the request to charge set out in the 9th ground of the amendment to the motion for a new trial.

7. The evidence authorized the verdict.

*Judgment affirmed. Russell, C. J., dissents.*

DECIDED JANUARY 10, 1916. REHEARING DENIED FEBRUARY 25, 1916.

Complaint; from city court of Macon—Judge Hodges. February 20, 1915.

Adams sued on a promissory note of Hatfield, the defendant, for $275, payable to and indorsed by Arthur C. Wilson & Company, dated May 29, 1913, and due on June 30, 1913. The defendant, in his answer, admitted the execution of the note, and the indorsement, but denied indebtedness thereon, and denied the allegations that the note was transferred to the plaintiff for value before maturity, and that the plaintiff was a bona fide purchaser and holder of the note. He further pleaded as follows: (6) The note was given by the defendant to Arthur C. Wilson & Company in pursuance of a certain contract entered into by and between the defendant and Arthur C. Wilson & Company on May 29, 1913, under the terms of which Arthur C. Wilson & Company were to furnish him with 10,000 copies of Wilson's Musical Gazette, complete and ready for distribution, on payment by him of $25 cash; and the balance, $275, for which the note was given, was not payable until the first issue of Wilson's Musical Gazette was ready for the press. The note was to be held by Arthur C. Wilson & Company in trust, and was not to be used in any way until they had complied with

their agreement stated above. They failed to comply with the agreement in any particular, and by reason thereof the defendant lost the $25 he paid in cash and $75 expended by him in securing advertisements for the first issue of Wilson's Musical Gazette; and he was damaged in the sum of $100 by the breach of the contract. (7) The plaintiff was informed at the time of the transfer of the note to him by Arthur C. Wilson & Company that they held it under a contract with the defendant, and that they were going beyond their authority in transferring the note, and at that time he was instructed not to mention to the defendant that the note had been transferred to him, as they had promised the defendant that the note would not be used, and it was held under an agreement to that effect with the defendant; wherefore the plaintiff holds the note subject to all the rights and equities existing between the original parties. (8) The defendant has received no benefit from the execution of the note, and the consideration therefor under the terms of the contract has wholly failed, and the plaintiff is not entitled to recover any sum from the defendant. The plaintiff was put on notice of the said agreement between Arthur C. Wilson & Company and the defendant at the time he acquired the note, and he went into possession of it with knowledge of the said agreement and with instructions not to mention to the defendant that he was the holder of the note.

The demurrer to the answer was on the following grounds: (1) It sets forth no sufficient defense. (2) Paragraph 6 of the answer is demurred to because it sets up no valid defense, and because it fails to show whether the alleged contract was verbal or written, and fails to give the terms or substance of the contract, and because the allegations attempt to vary the terms of the note by an extraneous agreement not alleged to be in writing, and for which no consideration appears. (3) The damages alleged in paragraph 6 are not itemized, and it does not appear what they consisted of. (4) Paragraph 7 is demurred to because it sets up no valid defense, and the facts alleged therein fail to show that the plaintiff is not an innocent holder of the note. (5) Paragraph 8 is demurred to because it sets up no valid defense, and because the plea of failure of consideration is not good against the plaintiff as an innocent holder, and it is not shown how the plaintiff was put on notice of any agreement between Arthur C. Wilson & Com-

pany and the defendant, or what the agreement was, or that the agreement in any way interfered with the plaintiff's rights as an innocent holder.

The evidence referred to in paragraph 3 of the decision was: (1) Testimony of the defendant that Wilson & Company never furnished one of the 10,000 copies of Wilson's Musical Gazette, and that they failed and went out of business. (2) The written contract mentioned in the defendant's plea. The contract was admitted in evidence over the objection of the plaintiff that "defendant had shown no mala fides in plaintiff." (3) A letter of Arthur C. Wilson, dated July 23, 1913, as to the dissolution of the firm of Arthur C. Wilson & Company, etc.; objected to as irrelevant. (4) A copy of Wilson's Musical Gazette; objected to as irrelevant.

The 5th, 6th, and 7th grounds of the motion for a new trial relate to the judge's statement of the contentions of the defendant. The 8th ground was that the court erred in charging the jury as follows: "If he [the plaintiff] had notice and knowledge of the alleged contract between Wilson & Company and Hatfield that this note was not to be discounted by anybody but Hatfield, at a time indicated by Hatfield in future,—if he had notice and knowledge of that agreement, if such was made, I charge you he could not in law be a bona fide holder of the note for value, and Hatfield's defense, if it is the truth of the case, would be available, and he would not be entitled to have and receive a verdict at your hands; or if any circumstance which would place a prudent man on his guard in purchasing the paper was brought to his notice, or could have been discovered by him in the exercise of ordinary care, that would be sufficient to constitute notice to him as the purchaser of the paper, and he would not in law be a bona fide holder for value. You look to the evidence and see what the truth is." It is alleged that this was error because the court instructed the jury that if the plaintiff took the note with notice of a certain defect, the maker would have the right to set up failure of consideration growing out of another contract and disconnected from the defect of which the plaintiff had notice.

In the 9th ground it is alleged that the court erred in refusing to charge the jury as follows: "An oral contemporaneous agreement not to enforce the unconditional promissory note, or not to use or enforce same except upon certain conditions, is invalid."

*Mallary & Wimberly, Thomas E. Scott,* for plaintiff, cited: *Heitmann* v. *Commercial National Bank,* 6 *Ga. App.* 584; *Pidcock* v. *Crouch,* 7 *Ga. App.* 299, 301 (1); Ogden, Neg. Instr. (1909), § 303, p. 241; Gliddens *v.* Harrison, 59 Ala. 481; Fisher *v.* Briscoe, 10 Mont. 124 (25 Pac. 30); Foster *v.* Clifford, 44 Wisc. 569 (28 Am. R. 603); Brown *v.* Wiley, 61 U. S. (20 How.) 442 (15 L. ed. 956); Burnes *v.* Scott, 117 U. S. 582; Burke *v.* Dulaney, 153 U. S. 228, 233; *Sasser v. McGovern,* 11 *Ga. App.* 88; 7 Cyc. 942 (B); Cowing *v.* Altman, 71 N. Y. 435 (27 Am. R. 70); *Hudson* v. *Best,* 104 *Ga.* 131 (3).

*Jordan & Lane,* for defendant, cited: Civil Code, § 4291; *Fidelity Trust Co.* v. *Mays,* 142 *Ga.* 821; *Moore* v. *Farmers' Mutual Ins. Asso.,* 107 *Ga.* 199 (1), 204; McFarland *v.* Sikes, 54 Conn. 250; *Crawford* v. *Foster,* 6 *Ga.* 202, 204; *Mays* v. *Shields,* 117 *Ga.* 814, distinguished.