## Seltzer, Appellant, *v.* Metropolitan Electric Company.

*Equity — Pleading—Specific charges—Parties—Municipal contracts— Bribery.*

A bill in equity to rescind a municipal contract on the ground of the bribery of the councilmen who awarded it, should not be dismissed for want of specificness in designating the parties guilty of the fraud, where it appears from the bill that the total number of councilmen was thirty-two, and it is averred that "certain members of councils" entered into

the unlawful arrangement, that the said " certain members " were twenty-seven in number (twenty-six of whom were defendants) and the bill sets forth the names of those voting and awarding the contract with a further averment that " the said majority of council " awarded said contract pursuant to the corrupt and unlawful arrangement, and that three councilmen naming them were paid a sum stated for their vote and for their services in inducing other councilmen to vote for the contract.

Public policy requires the closest scrutiny to be given the official acts of municipal authorities and when they are procured by fraud the court should not hesitate to declare them void. While the pleadings charging official corruption should be specific and sufficiently certain to aver the fraudulent conduct and the parties charged therewith, yet the court should not be astute in detecting insufficiency and thus shielding the accused official from disclosing his official acts. If they tend to criminate him, he can protect himself; and until he asserts his right to do so, his accuser should be granted every facility to investigate his conduct. Per MESTREZAT, J.

Argued March 4, 1901. Appeal, No. 317, Jan. T., 1900, by plaintiff, from decree of C. P. Berks County, Equity Docket No. 763, 1900, dismissing bill in equity in case of Vincent S. Seltzer v. Metropolitan Electric Company, of the City of Reading; The United Power and Transportation Company; the City of Reading and Matthew Rhoda, William R. Madden, Jacob B. Stout, H. L. Johnson, William H. Bitting, Howard L. Boas, John H. Close, George W. Romig, John A. Rauen, Amos H. Beard, Isaac W. Hull, P. Monroe Krick and George B. Clouser, Members of Select Council of the City of Reading, and William Templin, Rufus W. Wolfskill, Fred H. Whitman, R. B. Harris, Evan L. Shomo, K. H. Cleaver, Richard L. Lawrence, Jacob F. Hollenbacher, James P. Yorgey, J. Ashton Parker, John H. Mast, George W. Shaffer and John H. Bach, Members of Common Council of the City of Reading, Defendants. Before McCOLLUM, C. J., MITCHELL, FELL, BROWN and MESTREZAT, JJ. Reversed.

Bill in equity to rescind a municipal contract.

Demurrer to bill.

The material averments of the bill are set forth in the opinion of the Supreme Court.

*Error assigned* was decree dismissing bill.

*Cyrus G. Derr*, with him *Rothermel Bros.*, for appellant.—

A contract for municipal lighting procured to be awarded by bribery of councilmen must, upon the prayer of a taxpayer in a bill properly charging them with bribery, be adjudged void, and when a bill alleges that an electric lighting corporation at a time specified gave to each one of three councilmen the sum of $250 upon the promise of such councilmen to vote for the awarding of such contract to the said corporation and to use their influence to induce other councilmen to vote similarly, and that by means of the influence so procured, and by the giving to them of moneys, entertainments at which wine was served, as well as by the payment of their election expenses, etc., a majority, whose names are stated, consisting of twenty-seven of a total of thirty-two councilmen, were induced to enter into a corrupt arrangement for the securing of such contract to such corporation, and where, moreover, the devices adopted and used by the parties to such corrupt arrangement for the purpose of accomplishing their end are described in detail, it is error to dismiss the bill upon demurrer on the ground that there is a want of specificness in the charge : Lindsey v. Philadelphia, 2 Phila. 212 ; Mott v. Mott, 22 Atl. Repr. 997 ; Herman v. City of Oconto, 76 N. W. Repr. 364.

A municipal contract awarded to a party, who by means of a bribe procured but one of the councilmen to vote for it, albeit it does not appear that such vote was needed to secure the contract, is against public policy, in violation of the statute of March 31, 1860, and therefore void, and as in this case the bill specifically avers the payment by the Metropolitan Electric Company of $250 to each of three councilmen as a consideration for their votes, and as the demurrers must be regarded as an admission of the fact, the sustaining of the demurrers and the dismissal of the bill by the court below were erroneous: Act of March 21, 1860, P. L. 400 ; Kennett Electric Light Co. v. Borough of Kennett Square, 4 Pa. Dist. Rep. 707.

*George F. Baer,* with him *Stevens & Stevens* and *William J. Rourke,* city solicitor, for appellee.—A bill fails for want of jurisdiction when it plainly relates to the internal affairs of a foreign corporation, and where the facts complained of affect the complainants solely in their capacity as members of the corporation: Hartley v. Welsh, 8 Pa. Dist. Rep. 546.

Fraud is not to be presumed but must be alleged as well as proved: Finletter v. Appleton, 195 Pa. 349.

*John G. Johnson*, with him *Richmond L. Jones*, for Metropolitan Electric Company and United Power and Transportation Company.

OPINION BY MR. JUSTICE MESTREZAT, April 15, 1901:

This was a taxpayers' bill filed against the Metropolitan Electric Company, the United Power and Transportation Company, the city of Reading, and twenty-six out of a total of thirty-two members of the council of said city, to rescind a contract made with the Metropolitan Electric Company for lighting the streets of said city, on the ground of fraud.

The bill avers that the city of Reading has a select and common council, each composed of sixteen members, and alleges against the individual defendants, inter alia:

1. That the Metropolitan Electric Company, desiring to procure a new contract, after its then present contract had expired, for street lighting for five years at exorbitant rates, together with the United Power and Transportation Company, "entered into a corrupt and unlawful arrangement with certain members of councils" for that purpose.

2. That the said Metropolitan Electric Company, the United Power and Transportation Company, and said councilmen, combining together, published the first notice inviting bids on Monday, March 5, 1900, which required all bids not later than 3 o'clock on Thursday, March 8, 1900, which notice was unreasonable and void.

3. That the only bid handed in was that of said Metropolitan Electric Company.

4. That on the evening of March 12, 1900, councils met in joint session, and "the said certain members," twenty-seven in number, "pursuant to the corrupt and unlawful arrangement aforesaid" awarded to said Metropolitan Electric Company a contract for lighting the city for five years on the terms therein set forth. The names of those voting and awarding the contract were stated, and all, with the exception of one deceased, are defendants in the bill.

5. That the prices upon which the contract was awarded are

unreasonable and exorbitant, and that said contract if performed will oblige the city to pay unreasonable and exorbitant prices for said lighting during the five years for which the contract was let.

6. That said Metropolitan Electric Company and the United Power and Transportation Company by which the Metropolitan Company is controlled, about May 1, 1899, paid to three of said councilmen, naming them, $250 each as a consideration for their votes, which they then agreed to cast in favor of awarding said contract and also for their services in inducing other councilmen to vote similarly, and by means of said money so paid and said influence and entertainments, election expenses and other things of value, the said majority of councils were induced to enter into the said corrupt and unlawful arrangement to further the purpose of said companies and to vote for the awarding of and to award said contract.

The bill prayed that the contract might be declared void and that the defendants be enjoined from doing any act in pursuance of it.

The defendants demurred to the bill, inter alia, because of the lack of specificness: the bill not indicating which of the councilmen had entered into the alleged corrupt arrangement, nor what money or thing of value they had respectively received.

The court below sustained the demurrer and dismissed the bill for want of specificness as to the councilmen intended to be charged with the fraudulent conduct.

The only question for determination is whether the bill is sufficiently certain in its charges of fraudulent conduct to require the defendants to answer.

The object to be attained by means of the illegal action of the defendants was to aid the Metropolitan Company in securing from the city the contract for lighting at an exorbitant rate. This is clearly averred. The unlawful arrangement was made with " certain members of councils." Then it is averred that " the said certain members " were twenty-seven in number, and the names of the individual members of the councils who " entered into the corrupt and unlawful arrangement " were set forth in the bill with the averment that they voted to award and did award the contract. This is followed by the allegation in the fifteenth paragraph of the bill that three councilmen,

naming them, were each paid $250 as a consideration for their votes in favor of awarding the contract to the Metropolitan Company and also for their services in inducing other councilmen to vote similarly. There can be no doubt as to the certainty of that allegation. It means clearly that the three councilmen were bribed to vote for the contract and to obtain others to do likewise. The next allegation in said paragraph is that "by means of the money so paid and the influence so procured, as well as by directly and indirectly giving to the said majority of councils money, entertainments at which wine was served, election expenses and other things of value, privileges and personal advantages," the defendant companies "induced the said majority of councils to enter into" the unlawful arrangement, and "to vote for the awarding of and to award the said contract." This is a clear and distinct averment of bribery by the defendant companies to secure the contract for lighting the city. It is so conceded by the learned judge below in his opinion wherein he says: "There can be no doubt that the employment of inducements such as are alleged in paragraph fifteen to have been employed by the two companies to bring the majority of councils into an arrangement having for its purpose the awarding of the lighting contract to the Metropolitan Electric Company must fall within the definition of bribery." He, however, adds: "But upon whom is the charge fastened? A majority of councils consists of seventeen members. The defendants number twenty-six. Which of these does plaintiff mean when he speaks of a 'majority?' He cannot mean all of them; for if he did, he would certainly say so." Here, in our judgment, is where the learned judge fell into error, which resulted in an erroneous conclusion that the bill was not sufficiently specific it its allegations of fraud.

The sixth paragraph avers that "certain of the members of councils" entered into a corrupt and unlawful arrangement; the tenth paragraph avers that "the said certain members of councils" were twenty-seven in number, and designates them by their individual names; the fifteenth paragraph avers that "the said majority of councils" were bribed to award the contract. This is a distinct reference to the twenty-seven individuals named, who composed the majority of councils awarding the contract. The bill does not use the words "a majority," but "the said majority" which was requisite to award the con-

tract, and the names of the individuals composing "the said majority" were set out in the tenth paragraph of the bill.

We are therefore of opinion that the bill avers with sufficient certainty that the defendant companies entered into a corrupt arrangement with twenty-seven members of the city councils, whose names are therein mentioned, composing a majority thereof, to secure a contract for lighting the city at an unreasonable and exorbitant rate, and that by the corrupt means therein stated said companies induced the said individuals designated as the majority of councils, to enter into said corrupt arrangement and to vote for the awarding of and to award the said contract to the said Metropolitan Electric Company. It follows that the demurrer should have been overruled and the defendants required to answer the allegations of the bill.

We do not agree with the court below that the bill is open to the criticism of being a "fishing" bill. The object here is discovery in aid of relief from the alleged fraud which we hold to be well and sufficiently pleaded. Hence the plaintiff has a right to discovery in aid of the relief which he seeks.

Owing to the great inconvenience that would have resulted to the public had a preliminary injunction been granted, we think the court was justified in refusing it. And we agree with the learned judge that "if the plaintiff's bill, taken as verity, makes out a case of fraud sufficient under the statute and authorities to nullify the award of the contract, the public inconvenience resulting from a decree to that effect ought not to stand in the way of making it." Public policy requires the closest scrutiny to be given the official acts of municipal authorities and when they are procured by fraud the court should not hesitate to declare them void. While the pleadings charging official corruption should be specific and sufficiently certain to aver the fraudulent conduct and the parties charged therewith, yet the court should not be astute in detecting insufficiency and thus shielding the accused official from disclosing his official acts. If they tend to criminate him, he can protect himself; and until he asserts his right to do so, his accuser should be granted every facility to investigate his conduct.

We have disposed of the only question on the record raised by the decision of the court below requiring consideration at this time. The decree is reversed, the bill is reinstated and a procedendo is awarded.