# Greer *v.* Malone-Beall Co.

*Assumpsit.*

(Decided February 13, 1914.   61 South. 285.)

1. *Pleading; Set-Off and Counter Claim; Requisites.*—A plea of set-off or recoupment should be as certain as to the damages sought to be set off or recouped, as if it were an original action brought by the defendant for that particular demand.

2. *Same; Sufficiency.*—Where the action was on the contract, a plea of recoupment on account of a breach claimed on the part of plaintiff is not sufficient where it fails to show performance by defendant.

APPEAL from Geneva Circuit Court.

Heard before Hon. H. A. PEARCE.

Assumpsit by P. E. Greer against the Malone-Beall Company. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The complaint alleges the contract by and between the parties executed on January 5, 1906, by the terms of which defendant agreed to pay plaintiff 80 cents on the dollar of the invoice price for plaintiff's stock of merchandise and $800 for plaintiff's warehouse in Slocomb, Ala., and to pay plaintiff the sum of $60 per month for as many months in the year 1906 as might be necessary for plaintiff, as an employe of defendant, to make sales of fertilizer to customers of defendant, and to take notes therefor, and to pay plaintiff on December 1, 1906, 12½ per cent. on the cash price of the goods sold to the following named persons who had

[Greer v. Malone-Beall Co.]

been customers of plaintiff during the year 1905 (here follows list of names of customers), and to pay plaintiff $2 per ton on all fertilizer sold by it during the year 1906, to the following named persons, who were purchasers from plaintiff of fertilizer during the year 1905 (here follows list of purchasers). Plaintiff avers that both parties have executed the contract in full, except that the defendant has failed and refused, and still fails and refuses, to pay plaintiff the profits on fertilizer sold as agreed, as well as the 12½ per cent. on the cash price of goods and merchandise sold by it to the persons hereinbefore named who had been customers of plaintiff during the year 1905. The complaint then sets out in detail the number of tons of fertilizer sold and the merchandise sold, and seeks to charge defendant with the profits, as alleged in the contract.

The defendant filed the following special pleas:

(1) "Defendant denies the allegations of said count as amended."

(2) "For further answer to said count as amended, defendant says that, at and prior to the commencement of this action, the plaintiff herein owed defendant the sum, to wit, $3,000, which said sum was due before said suit commenced, and which said sum was due and owing by reason and on account of the agreement made by plaintiff to pay all accounts and demands due plaintiff by the persons and customers set forth in said amended count 3, and the defendant avers that the amount due by said customers at the time of the commencement of this suit, and for which the plaintiff became responsible, was $3,000, and that the same had not been paid when the suit was commenced, nor has not been paid since, and is still due; that plaintiff became·responsible for the payment thereof to this defendant, and promised to pay the same, and is fully due

the same, and defendant herein offers to offset said amount against the claim of the plaintiff. The amount herein offered as an offset does not include the accounts and demands due, and payment of which were guaranteed as to the following persons, to wit: J. G. Jones, B. F. Greer, J. F. Pumphrey, J. C. Kennedy, and Henry Bedsole. The amount due by the other named persons, and for which plaintiff became responsible, is in the sum of $3,000."

The third ground of demurrer was as follows: "Said plea does not deny the averment of the complaint to the effect that to create a liability from plaintiff to defendant a statement showing the amount due by the customers of plaintiff to defendant was furnished by defendant to plaintiff, nor does said plea attempt to confess and avoid the same."

W. L. LEE, and A. E. PACE, for appellant. The demurrer to the plea of set off should have been sustained.—*Sledge v. Swift,* 53 Ala. 110; 19 Enc. P. & P. 751-753; *Lawton v. Ricketts,* 104 Ala. 430.

W. O. MULKEY, for appellee. No brief reached the Reporter.

MAYFIELD, J.—This was an action of assumpsit, for the breach of a contract which is in effect set out in the complaint. It was alleged in the complaint that, as a part of the contract sued upon, the plaintiff was to pay the defendant "all losses, to it, by reason of the failure of any of plaintiff's said customers to pay defendant for the guano and merchandise sold by defendant to them; * * * that defendant was to furnish him by December 1, 1906, a statement showing the amount due by each of his said former customers to

[Greer ·v. Malone-Beall Co.]

defendant on their unpaid accounts, on the rendering of which statement plaintiff was to make said settlement." To the count declaring for a breach of this contract the defendant filed a special plea, which is denominated, ·in the plea, and by counsel for plaintiff, a "plea of set-off," but which was more properly a plea of recoupment, for the reason that the damages claimed were alleged to be the result of the breach of the contract sued upon and described in the complaint. No objection, however, was taken to the plea on this account. The plea evidently was intended to claim damages for the failure of the plaintiff to pay certain losses which the defendant sustained by reason of the failure of certain of the plaintiff's customers to pay defendant for guano and merchandise sold by defendant to them, as provided in the contract referred to in the complaint.

A plea of set-off or of recoupment should be as certain, as to the damages sought to be set off or recouped, as if it were an original action brought by the defendant against the plaintiff for that particular claim or demand. Such pleas are treated as cross-actions, and are required to show a cause of action against the plaintiff. Such pleas are not required to deny the plaintiff's right of action, nor are they required to confess and avoid it; but they set up a right of the defendant to recover of the plaintiff damages for the cause of action set up in the plea, and offer to set it off against the plaintiff's claim or demand against the defendant, and if in excess they ask for a judgment over against the plaintiff for the excess.

It is quite evident that the plea refers to a breach on the part of the plaintiff of the identical provision of the contract mentioned in the complaint, and which we set out as quoted above. This being true, there can be no liability on the part of the plaintiff to pay the

defendant the amount claimed to be due until the defendant has furnished to the plaintiff a statement showing the amount due by each of his said former customers, to the defendant, on their unpaid accounts. The plea therefore fails to show that defendant had performed this part of the contract, which was a condition precedent to the liability of the plaintiff to pay the defendant said amount.

The third ground of the demurrer took this point, and we are of the opinion that the trial court erred in overruling the demurrer. It is therefore unnecessary to consider the ruling upon that demurrer to the replication.

For this error the judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and ANDERSON and DE GRAFFENRIED, JJ., concur.