(114 So. 2)

### CLEMENTS et al. v. EGGLESTON.
(6 Div. 935.)

Supreme Court of Alabama.    June 18, 1927.

Rehearing Denied Oct. 20, 1927.

**1. Bankruptcy ⬥285—Court's consent to trustee's bill to set aside alleged fraudulent conveyance is unnecessary.**

Trustee in bankruptcy need not obtain court's consent to filing of bill to set aside alleged fraudulent conveyance of property to bankrupt's wife.

**2. Pleading ⬥8(15)—Fraud cannot be pleaded by way of conclusion only.**

Fraud cannot be properly charged by way of conclusion only.

**3. Bankruptcy ⬥302(1)—Bill in trustee's suit to set aside alleged fraudulent conveyance to bankrupt's wife held sufficient.**

Bill in trustee's suit to set aside alleged fraudulent conveyance to bankrupt's wife, alleging that bankrupt, while owing unsecured debts in excess of property owned by him other than the land involved, conveyed all his real estate, reasonably worth $2,500, to his wife for a recited consideration of $500, which had not been paid, and praying that conveyance be declared void, or if valid that vendor's lien be declared in plaintiff's favor for amount of unpaid consideration, *held* sufficient.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Bill in equity by R. H. Eggleston, as trustee of the estate of G. W. Clements, a bankrupt, against G. W. Clements and Mrs. L. I. Clements. From a decree overruling a demurrer to the bill, respondents appeal. Affirmed.

The substance of the bill is as follows:

G. W. Clements was engaged in the mercantile business and had become heavily involved in debt, owing unsecured debts greatly in excess of property owned by him other than the property involved in this suit. On July 20, 1925, G. W. Clements executed to his wife, Mrs. L. I. Clements, a conveyance to all of the real estate then owned by him, which property was reasonably worth $2,500, for a recited consideration of $500. On March 30, 1926, complainant was duly elected and qualified as trustee of the bankrupt estate of said G. W. Clements, who had theretofore been adjudged a bankrupt. Some of the debts owing by said G. W. Clements at the time of the execution of said conveyance had not been paid at the time of said adjudication in bankruptcy.

It is averred that the property conveyed by G. W. Clements to Mrs. L. I. Clements constituted no part of the homestead of said G. W. Clements; that said G. W. Clements being heavily involved in debt, and, knowing that he was insolvent, that he would be forced out of business by his creditors, and that he would be unable to meet his obligations to his creditors—which facts were also known to said Mrs. L. I. Clements—said G. W. Clements devised a scheme to hinder, delay, or defraud his creditors by the execution of said conveyance, and did execute the same in furtherance of said scheme or design; that the consideration for said conveyance was simulated and the conveyance was voluntary; and that said conveyance is void as against the creditors of said G. W. Clements.

It is further averred that while the conveyance recites a consideration of $500 cash in hand paid, no cash was paid or other payment made unless there was a payment of $50 made, which complainant denies, and that if the conveyance was not fraudulent, the whole consideration became due upon the execution of the deed and is now due, and complainant has a vendor's lien for the purchase money.

The prayer is that the conveyance from G. W. Clements to Mrs. L. I. Clements be declared void as against creditors, and that the property undertaken to be conveyed is an as-

─────

⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

set of the bankrupt estate; and that, if the conveyance be held valid, a vendor's lien in favor of complainant be declared and enforced.

Defendants filed a plea in abatement, setting up that the suit was filed without authority.

Complainant's demurrer to this plea was sustained.

Respondents' demurrer to the bill being overruled, they appeal and assign as error the mentioned decrees.

Curtis, Pennington & Pou, of Jasper, for appellants.

A trustee in bankruptcy cannot prosecute a suit without first having obtained authority therefor. 1 Fed. Stat. Ann. p. 641; Miller v. New Orleans, 211 U. S. 496, 29 S. Ct. 176, 53 L. Ed. 300. The bill should allege that claims of creditors have been filed and allowed against the estate and that the trustee has not sufficient assets of the estate with which to pay the claims. McKey v. Smith, 255 Ill. 465, 99 N. E. 695; Drew v. Myers, 81 Neb. 750, 116 N. W. 781, 17 L. R. A. (N. S.) 350; Lester v. Barclay, 213 Ala. 515, 105 So. 808; Crary v. Kurtz, 132 Iowa, 105, 105 N. W. 590, 109 N. W. 452, 119 Am. St. Rep. 549; 3 R. C. L. 300. The bill should allege facts constituting fraud; the conclusion that the conveyance was made with fraudulent intent is not sufficient. McCrory v. Donald, 192 Ala. 312, 68 So. 306; McKey v. Smith, 255 Ill. 465, 99 N. E. 695; Little v. Sterne, 125 Ala. 609, 27 So. 972. Pleading is as essential as proof, and proof without pleading is of no effect. Manchuria S. S. Co. v. Harry G. G. Donald & Co., 200 Ala. 638, 77 So. 12.

L. D. Gray, of Jasper, for appellee.

A trustee may sue in a state court without first obtaining leave of the court appointing him. Cartright v. West, 155 Ala. 619, 47 So. 93. Adjudication in bankruptcy is sufficient evidence of debts to support bill by the trustee to avoid a fraudulent conveyance. Booth v. Bates, 215 Ala. 632, 112 So. 209. The allegations of fraud in the bill are sufficient. Lamar & Rankin D. Co. v. Jones, 155 Ala. 474, 46 So. 763.

ANDERSON, C. J. [1] The trustee did not have to obtain the consent of the bankrupt court to file the present bill in the state court. Cartright v. West, 155 Ala. 619, 47 So. 93. The statute and authorities referred to by counsel for the appellant relate to suits begun by the bankrupt and the right of the trustee to prosecute them to a finish, and not to suits originally commenced by the trustee as in the present instance.

[2, 3] Of course, fraud cannot be properly charged by way of conclusion merely, but we think the present bill sets up sufficient facts

to meet the requirements of the rule. Moody v. Moody (Ala. Sup.) 112 So. 752.[1] Whether the bill had to charge that the land conveyed did not constitute a part of the homestead, or whether or not the fact that it did was defensive matter, matters not, as the bill expressly avers that the land in question was no part of the homestead.

The bill charges that the conveyance was fraudulent, and this was sufficient as against creditors then existing or existing at the time of the bankruptcy, and the adjudication of bankruptcy relieved the complainant from averring and proving that the claims had been proved and allowed. Booth v. Bates, 215 Ala. 632, 112 So. 209.

The decree of the circuit court is affirmed. Affirmed.

SOMERVILLE, THOMAS, and BROWN, JJ., concur.

