146 So. 540

KILGORE v. ARANT et al.

5 Div. 895.

Court of Appeals of Alabama.

Feb. 28, 1933.

[1] Ante, p. 117.

John A. Darden, of Goodwater, for appellees.

SAMFORD, Judge.

The plaintiff declared on a promissory note as follows:

"Count 1. Plaintiff claims of the defendants the sum of $306.00 due by promissory note made by the defendants and H. H. Powell on November 19th, 1926, and payable on January 20th, 1927, with interest thereon.

"Plaintiff avers that in said note the defendants agreed to pay all cost of collecting the same, including a reasonable attorney's fee, and plaintiff avers that $60.00 is a reasonable attorney's fee for the collection of said note, which further and additional sum plaintiff here claims.

"Plaintiff further avers that the maker of said note did therein waive all right of exemption under the laws of Alabama and of any other State in the United States against the collection of said note and plaintiff claims benefit of such waiver."

To this defendant filed the following pleas:

"1. The allegations thereof are untrue.

"2. The obligation sued was paid before the commencement of this suit.

Henry A. Teel, of Rockford, for appellant.

"4. For further and additional answer to the complaint, defendants aver that the plaintiff is indebted to the defendants in the sum of Five Hundred Dollars by liquidated damages which they offer as a set off against the plaintiff's demand and ask judgment for the excess.

"6. Defendants further state and for a defense to plaintiff's action say, that the note sued upon was given for only a limited time, two wit: two months, in order for the plaintiff to have time to move the principal of said note move on to the farm of the plaintiff or farm in his charge or possession, and until the plaintiff would have time to take up another outstanding mortgage or obligation of one H. H. Powell owed the Alexander City Bank of Alexander City, Alabama, which contained a large amount of personal property security, and then plaintiff was to combine the indebtedness upon which plaintiff is suing the defendants, and defendants aver that the said Powell did move on the farm of the plaintiff or farm in his possession or under his control for two years with the plaintiff, and plaintiff did take up and have transferred the Alexander City obligation transferred to him, the said plaintiff, and that later the said plaintiff did take a chattel mortgage on the said H. H. Powell in which there was much personal property, to-wit $1500.00 or more, in addition to large amount of farm products, to-wit 1000 bushels of corn and twenty bales of cotton, and other farm products, all of which the plaintiff took into his possession or control and either sold or disposed of the same or same now in his possession, all of which should be placed to the liquidation of any indebtedness the plaintiff might claim or hold against these defendants."

To pleas 4 and 6 proper demurrers were filed. These demurrers were overruled and this action of the court is assigned as error.

Plea 4 was subject to the demurrer interposed. A plea of set-off or recoupment should be as certain as to the damages sought to be set off or recouped as if it were an original action brought by defendant for that particular demand. The plea here considered fails to meet this requirement. Code 1923, § 9532, form 40; Greer v. Malone, 180 Ala. 602, 61 So. 285.

The note declared on in this case is a written agreement by the defendants to pay the plaintiff a sum certain at a certain time, without any conditions. The absolute obligation of a note, the unconditional promise to pay, is not to be varied by parol evidence of a conditional promise any more than any other written contract. Hamilton Fur. Co. v. Brenard Mfg. Co., 215 Ala. 187, 110 So. 153.

The rule which permits parol evidence to show the real consideration for a written contract or note does not allow the use of such evidence to engraft new and different conditions upon the promise. Whatever the explanation, the promise remains to pay the true consideration, whatever that may be. Ex parte South, 205 Ala. 31, 88 So. 221.

If plea 6 undertakes to set up a statement of facts of a contemporaneous verbal agreement, which is repugnant to, and contradictory of the terms of, the note and of the intentions of the parties expressed therein, it is bad. Under such allegations of the plea the note would be converted from an absolute into a conditional promise. This may not be done. West & West v. Kelly's Ex'rs, 19 Ala. 353, 54 Am. Dec. 192; Gliddens v. Harrison, 59 Ala. 481.

An agreement between the parties contemporaneously made, explaining the consideration of the note and even disclosing a failure of consideration as a complete defense may be pleaded and shown. Blount County Bank v. Robinett, 23 Ala. App. 145, 122 So. 802; Parker v. Bond, 121 Ala. 529, 25 So. 898; Moore v. Williamson, 213 Ala. 274, 104 So. 645, 42 A. L. R. 981; Wells et al. v. Drane et al., 206 Ala. 583, 90 So. 898. This plea does not deny the consideration or claim that the consideration has failed, and therefore as a plea of a failure of consideration it is bad.

Whether the plea is intended as a plea of set-off or payment it is difficult for us to ascertain. If it is intended as a plea of set-off, it fails to meet the requirements of such a plea. Code 1923, § 9532, form 40; Greer v. Malone, 180 Ala. 602, 61 So. 285. If the plea is intended as one of payment, there is no allegation that the debt has been paid, without which it is subject to demurrer.

If the plea sets up more than one defense, then it is bad for duplicity. The defenses should be pleaded separately. Berlin Machine Works v. Ewart Lbr. Co., 184 Ala. 272, 63 So. 567.

The foregoing rulings being decisive of this appeal, it becomes unnecessary to pass upon the other questions raised further than to say for the guidance of the court on another trial that, the plaintiff's case being made out by the introduction of the note, the burden would rest on defendants to allege and prove that the note had been paid, or that defendants are entitled to set off or recoup as against the note. These defenses should be set up in different pleas in such manner as to disclose a just claim in favor of defendants and against the plaintiff.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.