168 So.2d 602

**CITY OF PRICHARD**

v.

**George L. MOULTON.**

**1 Div. 171.**

Supreme Court of Alabama.

Nov. 5, 1964.

Pillans, Reams, Tappan, Wood & Roberts, Mobile, for appellee.

Stone & Howard, Mobile, for appellant.

HARWOOD, Justice.

This is an appeal from a judgment in favor of the plaintiff, George L. Moulton, rendered in his suit against the City of Prichard. The jury assessed damages at $10,341.84, and the judgment was entered pursuant to the jury verdict.

The plaintiff is a duly licensed engineer practicing his profession in the city of Mobile.

The complaint below contained three counts. Count No. 1 alleged a breach of an agreement whereby the plaintiff was to perform professional services in providing plans and specifications and estimates of costs for the construction of a garbage disposal plant, and to provide assistance to the defendant in and about the construction of the plant, to supervise the construction, and to perform other tasks in connection therewith.

It is further alleged that the defendant agreed, in consideration for said services to pay the plaintiff 6 per cent of the costs of the refuse plant, 3 per cent of such amount to be paid upon the completion of the plans, specifications, and estimates of costs when bonds are sold or other funds are available, one per cent when the construction contract was awarded, and two per cent monthly as construction progressed.

It is further alleged that although the plaintiff had complied with the provisions of the contract by completing the plans, specifications, and estimates of costs, which were accepted by the defendant, and that the plaintiff was ready and willing to provide the other services called for by the contract, no construction contract was awarded and no construction commenced.

It is further alleged that the defendant has failed to comply with the provisions of the contract by refusing to pay the plaintiff the amount agreed to be paid upon the completion of the plans, specifications, and estimates of costs.

Counts No. 1 and 2 are the common counts for work and labor done.

The complaint was served on the defendant on 20 February 1961. Subsequently, there were numerous pleas filed, and upon the sustaining of the demurrers thereto additional pleas would be filed. Eventually the pleadings were settled and issue was joined on the plea of the general issue, and trial was begun on 6 May 1963.

Several of appellant's assignments of error relate to the action of the court in sustaining the demurrers to the various pleas filed.

Appellant's assignment of error No. 2 relates to the action of the court in sustaining the appellee's demurrer to appellant's plea L. This plea is quite lengthy and prolix, and as set out in the appellant's brief, it contains some six pages. Before considering the validity of this plea, we set forth the following rules by which its validity is to be measured.

To constitute a defense, a plea must either traverse or confess and avoid the matter of the complaint. In pleas of confession and avoidance, the confession is as essential as the avoidance. The general rule is that a plea to the merits must either specifically deny a cause of action, or it must confess the cause of action and set up matters which will legally avoid the cause of action averred, and a plea is insufficient as a plea of confession and avoidance if it does not admit the plaintiff's cause of action before setting up matters of avoidance. Central of Georgia Railroad Co. v. Williams, 200 Ala. 73, 75 So. 401; Webb v. Webb, 263 Ala. 607, 83 So.2d 325.

Further, a plea in bar for fraud, and also claiming damages in set off or recoupment by reason of fraudulent representations, is bad because of inconsistency, Ansley v. Bank of Piedmont, 113 Ala. 467, 21 So. 59, and a plea setting up more than one defense is bad because of duplicity. Kilgore v. Arant, 25 Ala.App. 356, 146 So. 540.

Plea L begins:

"Defendant says that an alleged contract was entered into between plaintiff and defendant and says that said alleged contract is the basis of said action except as to the common counts. However, defendant says that said contract was procured by the plaintiff by fraud in that plaintiff entered into a corrupt and unlawful arrangement with the president of the city council of said defendant city for the purpose of procuring said alleged contract, and that said alleged contract was procured through said arrangement."

The next five or six paragraphs of the plea proceed to set out the details of the dealings between the appellant and the city council president, Drew, as constituting fraud.

The plea thus far is in the nature of a plea of confession and avoidance, though counsel for appellee argues that by the designation "alleged contract" the appellant has impliedly denied the existence of a contract, and has therefore pled only an avoidance without a confession.

This aside, the plea further alleges that:

"The resolution which is the only basis of said alleged contract was voted upon in the absence of the Mayor of said city on account of the illness of said Mayor but that said Mayor vetoed the resolution before said plans were drawn and the plaintiff on the advice of President Drew, who was acting outside of the line and scope of his authority, and without said plaintiff inquiring himself of any legal counsel, went ahead and drew up said plans or purported to do so.

"Defendant says further that on the advice of said Drew, acting outside the line and scope of his authority as president of said city council, said plaintiff went ahead and drew the said plans or purported to do so, without bothering to secure legal counsel himself, although the veto of said Mayor was never overridden by said council."

Clearly the above paragraphs are in the nature of a traverse in denying that a valid contract was in existence in the face of a veto by the Mayor.

The subsequent paragraph of the plea sets forth:

"Defendant says that the contract which envisioned a plant whose costs were not provided for, a plant whose site was uninvestigated, a plant whose operational expenses were unprovided for, a plant whose feasibility was unknown except insofar as President Drew has stated that no such plant had been successfully operated by any municipality in the United States so far as he knew, is an alleged contract procured by fraud."

Again, this part of the plea seems to be grounded in confession and avoidance.

The plea continues:

"Defendant further alleges that the defendant city sustained damages through the activities of the said plaintiff in that time and efforts of various city employees and expenses have been disbursed necessarily in defense of this action."

We take this portion of the plea to be in the nature of a plea of set off.

■ We have not set out the plea in its entirety because of its length. From those parts and paragraphs which we have set out above, it is clear that the plea is duplicitous in setting up inconsistent defenses in the single plea. The lower court therefore did not err in sustaining the demurrer to plea L, and assignment of error No. 2 is without merit.

Assignments of error Nos. 3, 4, and 5, assert error on the part of the court below in sustaining appellee's demurrers to pleas M, Q, and P, respectively.

Each of these pleas "adopts the allegations of that plea above and described 'L' except as to the alleged contract being the basis of this cause of action and as to the common counts of the complaint."

Because of the length of plea L and its many averments, it has been difficult to excerpt from plea L that part relating to "the alleged contract being the basis of this cause of action." We have, however, attempted to do so and are clear to the conclusion that excepting such portion from plea L, plea L is yet duplicitous and inconsistent in its remaining portions. No error therefore resulted from the action of the court in sustaining appellant's demurrers to pleas M, O, and P, because of their adoption of portions of plea L, and assignments of error Nos. 3, 4, and 5, are unavailing.

Assignment of error No. 6 asserts error in overruling defendant's plea BB. This plea is palpably faulty and inadequate on its face, and no useful purpose would be served in discussing its faults.

Assignment of error No. 7, relates to the overruling of appellee's demurrer to plea CC. This plea asserts error in the procuring of the alleged contract between the plaintiff and the defendant in that the plaintiff offered to Drew, the president of the city council, a sum of money, and that the plaintiff paid to Drew a sum of money, that Drew voted in favor of the said alleged contract, and that "such alleged contract would not have been purportedly enacted by the city council of the city of Prichard" had not Drew voted in favor of the contract.

Assignment of error No. 9 asserts error in the sustaining of appellee's demurrer to plea EE.

Plea EE likewise asserts fraud and avers "that had not the said Luman L. Drew not voted in favor of said alleged contract such alleged contract would not have been purportedly enacted by the city council of Prichard, Alabama."

Where fraud is pleaded either at law or in equity, facts which constitute the fraud must be clearly and explicitly set out so that the court and not the pleader may judge whether the act complained of was fraudulent. This rule has general application to the allegations of fraud as a defense as well as a basis for relief. Fraud cannot be pleaded by way of conclusion only. Clements v. Eggleston, 216 Ala. 590, 114 So. 2.

The assertion in pleas CC and EE to the effect that the "alleged contract would not have been purportedly enacted" but for the vote of Drew is a mere conclusion of the pleader. No facts, such as the number of members constituting the council of the city of Prichard are shown, nor is the manner in which the respective councilmen voted shown. This defect in the two pleas would in and of itself justify the action of the lower court in sustaining the demurrer to these two pleas.

In this connection counsel has placed considerable reliance upon Seltzer v. Metropolitan Electric Co., 199 Pa. 100, 48 A. 861. An examination of the opinion in this case shows that the pleading after stating that a majority of the city council had cast their vote in favor of an ordinance as a result of having been bribed, then proceeds to set out the names of the individual councilmen who voted, and specifies those councilmen who cast their vote as a result of being fraudulently influenced. The assertion of these facts distinguishes the pleading in the Seltzer case, supra, from the present pleas we are now considering and highlights the rule here applicable that fraud cannot be pleaded by way of conclusion only.

No error therefore resulted in the action of the court in sustaining the appellant's demurrers to pleas CC and EE.

Assignment of error No. 10 asserts error in sustaining appellant's demurrer to plea GG.

Plea GG asserts that the plaintiff is guilty of fraud "in the purported execution

of this alleged contract" in that the plans and specifications furnished by the plaintiff were purchased from others and altered so that the same would appear to be the plans required under the alleged contract.

Merely acquiring plans from others to be used as a basis for the plans and specifications prepared by the appellee does not constitute fraud. The plea nowhere asserts that the plans and specifications were not adequate and valid.

Assignment of error No. 11 asserts error in sustaining appellee's demurrer to plea 2. This plea begins by asserting that any work or labor done for the defendant by the plaintiff "was not done at the legal request of defendant and was not legally accepted by defendant." This portion of the plea constitutes a traverse. The plea then proceeds to assert that any request or acceptance by the defendant of work and labor done was procured by fraud. Certain acts allegedly constituting the fraudulent conduct of the appellant are then set forth. Again, as in some of the prior pleas, the appellant has combined a traverse with an avoidance, apparently without a confession. The plea is therefore faulty and what we have said in connection with our discussion of plea L, supra, is equally applicable here.

Assignment of error No. 11 is without merit.

Appellant's assignment of error No. 21 asserts that the court erred in stating in the presence of the jury that "the acceptance of the work and ratification of it as shown by the minutes legally make it a binding contract on the city, which such ruling came before the plaintiff had rested and before the defendant had commenced * * *."

It appears that during the direct examination of the appellee, Moulton, he was asked if he had received information from Drew, President of the City Council, relative to the action of the council in authorizing the work by Moulton, and whether such plans were accepted. Counsel for appellant stated that although the minutes of the council had been admitted into evidence, no contract had been executed. In reply to this the court stated:

"The court is going to rule that the acceptance—acceptance of the work and the ratification of it as shown by the minutes legally makes it a binding contract on the City."

Counsel for appellant excepted to this statement made in the presence of the jury, and also moved that it be excluded. This motion was not ruled on.

At the time the above statement was made by the court the minutes of the city council had been received in evidence. These minutes showed that three of the five councilmen had voted to authorize the appellee to draw the plans in question. The Mayor, by letter, had vetoed any such contract. However, the appellee proceeded to prepare the plans and specifications which upon presentation to the city, were accepted by resolution of the city council by a majority vote of the council.

If the above recited minutes of the city council constituted a contract between the appellee and the city of Prichard, even though no formal written contract was executed, then no error could result from the court's statement. Particularly is this true since the city presented no evidence in the proceedings below.

Section 467, Title 37, Code of Alabama 1940, provides:

"Contracts entered into by a municipality shall be in writing, signed and executed in the name of the city or town, by the officers authorized to make the same, and by the party contracting. In cases not otherwise directed by law, or ordinance, such contracts shall be entered into and executed by the mayor in the name of the city or town and all obligations for the payment of

money by the municipality, except for bonds, and interest coupons, shall be attested by the clerk. *This section shall not be construed to cover purchases for the ordinary needs of the municipality."* (Emphasis ours.)

By Section 429 of Title 37, Code of Alabama 1940, (applicable to the city of Prichard), the city council is granted all legislative powers, and other powers granted to cities and towns. This provision in itself would authorize the city council to enter into a contract for engineering services for the city. See Beasley v. McCorkle, 237 Ala. 4, 184 So. 904. Moreover, Section 455, Title 37, Code of Alabama 1940, specifically empowers municipalities to adopt ordinances and resolutions to preserve the health of the inhabitants of the municipality.

In cities having a population of six thousand or more, all ordinances or resolutions intended to be of a *permanent* nature must be transmitted to the Mayor for his consideration. Section 457, Title 37, Code of Alabama 1940. If the Mayor shall disapprove of such ordinance or resolution of a permanent nature his veto must be overridden by a vote of two thirds of the council to effectuate the ordinance or resolution. Section 458, Title 37, Code of Alabama 1940.

If therefore the agreement made by a majority of the council with the appellee to prepare the plans and estimates in question, and the acceptance of these plans and estimates by the same majority of the council, pursuant to resolutions of the majority of the council, be not resolutions of a permanent nature, and if the matter pertained to the ordinary purchases of the municipality, then the appellee had a binding agreement with the city of Prichard.

Ordinances or resolutions of permanent operation are those which continue in force until repealed. An ordinance providing for the creation of city offices such as a treasurer, tax collector, or clerk, is an example of an ordinance of a permanent nature. Michael v. State, 163 Ala. 425, 50 So. 929. In Pierce v. City of Huntsville, 185 Ala. 490, 64 So. 301, it was held that ordinances and resolutions relating to the calling for and acceptance of bids and fixing assessments, for paving of certain streets were not ordinances or resolutions of a permanent nature. Clearly under the doctrine of this case, the resolutions now being considered are not of a permanent nature.

Over a century ago it was held that the expenses of boring an artesian well on the town square was for the health of the inhabitants, and an "ordinary expense" of the municipality, "ordinary expense" being defined as expenditures which are necessary to carry into effect the ordinary powers of the corporation. Intendant and Town Council of City of Livingston v. Pippin, 31 Ala. 542. A contract for the payment of printing and binding city ordinances into volumes is a contract for the ordinary expenses of a municipality. Reid v. City of Mobile, 213 Ala. 321, 104 So. 787.

Further, Section 496, Title 37, Code of Alabama 1940, specifically empowers municipalities to establish facilities for the disposal of garbage, either within or without the city limits.

We therefore hold that the resolution authorizing the agreement for the preparation of the plans and estimates for the garbage disposal plant, and the subsequent ordinance accepting such plans, pertained to the ordinary needs and expenses of the city of Prichard.

This being so, a valid enforceable agreement between the appellee and the city of Prichard existed. Counsel for the appellant argue the wisdom and advisability of the contract. This is a matter committed by law to the governing body of the city. The courts cannot and will not interfere with this discretion vested in the governing body of a municipality, but deal only with the question of the legality of the acts of the

governing body. Van Antwerp v. Board of Commissioners of City of Mobile, 217 Ala. 201, 115 So. 239.

Further, had the power to contract been exercised in an irregular manner, the acceptance of the work, and the ratification of the contract by later resolution, recovery could be had in quantum meruit even though the express contract had been void, which it was not. State for Use of Russell County v. Fourth National Bank of Columbus, Georgia, 270 Ala. 135, 117 So.2d 145.

 There being no extrinsic evidence questioning the resolutions or their meaning, the construction of the resolutions and their legal effect and operation was the function of the court, subject to review. Smith v. Blinn, 221 Ala. 24, 127 So. 155; American Standard Life Ins. Co. v. Johnson, 231 Ala. 94, 163 So. 632. The construction of the learned trial judge was correct.

No merit attaches to assignment of error No. 21.

Assignment of error No. 26 asserts as error the action of the court in refusing to permit counsel to argue to the jury the credibility of the witnesses after the court in its general charge to the jury, had instructed the jury, among other things, that if the jury were reasonably satisfied from the evidence, their verdict should be for the plaintiff, limited to the reasonable value of the plaintiff's services.

Upon the conclusion of the court's general charge, counsel for appellant requested that he be permitted to argue to the jury the question of the credibility of the witnesses.

 The general rule is that if the evidence is solely from the party carrying the burden of proof, the affirmative instructions must be with hypothesis. Such hypothesis, as in this case, expressly submits to the jury the issue of credibility of the witnesses.

The right to argue such issue then obtains. Harris v. State, 215 Ala. 56, 109 So. 291, and cases cited.

 The present record shows that after the parties had rested, respective counsel made their arguments to the jury. The court had already announced its views as to the effect of the resolutions and the existence of an agreement. The plaintiff and his witnesses had testified as to such agreement. The defense offered no testimony. Under such circumstances we know of nothing that could have been argued to the jury other than the credibility of the witnesses. The argument of counsel is not set forth in full in the record though portions of such arguments are set forth where objections were interposed. These portions indicate that they were directed toward the credibility of one or more of the witnesses.

At the conclusion of the arguments the court gave its instructions to the jury. It clearly reviewed the legal principles governing in light of the evidence. It was toward the end of its instructions that the court stated that in view of the principles stated, the jury if reasonably satisfied from the evidence, should find for the plaintiff.

In his argument in support of this assignment, counsel has emphasized the case of Brown v. Mobile Electric Co., 207 Ala. 61, 91 So. 802. We have examined the original record in this case, and such examination discloses that at the conclusion of the evidence, the court, at the request of the defendant, gave the general affirmative charge with hypothesis. Thereafter, it refused to grant plaintiff's counsel's request to be permitted to argue to the jury the issue of the credibility of the witnesses. Such seems to be the factual situation in the other cases relied on by the appellant, that is, no argument of any fashion was permitted.

The circumstances of the present case are unusual. However, argument preceding the court's general instructions was permitted. We are not convinced that any substantial rights of the appellant were

**240**

probably injuriously affected because of the situation disclosed by the record. We are therefore unwilling to base error on assignment No. 26. Supreme Court Rule 45.

Assignment of error No. 16 asserts error because of the court's refusal to grant appellant's motion for a continuance because of the absence of a witness who had been subpoenaed by the appellant.

When asked by the court what the absent witness would testify to, counsel for appellant replied that "in the opinion of the defendant, the missing witness would testify to proceedings which occurred prior to the purported execution of the alleged contract between the plaintiff and defendant." Upon further inquiry by the court as to whether testimony of the missing witness would be cumulative, counsel replied he did not know.

The matter of granting a continuance because of an absent, but subpoenaed witness, is largely within the discretion of the trial court. His ruling in such regard will not be error unless palpable abuse is shown. Roberson v. McCarley, 259 Ala. 583, 67 So.2d 814. The statements of defense counsel in support of the motion for a continuance fall far short of showing any abuse of discretion by the court in denying the motion.

Assignment of error No. 20 is too general to invite our review. Bush v. Stanton, 273 Ala. 615, 143 So.2d 621; Arrick v. Fanning, 35 Ala.App. 409, 47 So.2d 708.

Other assignments are argued. They are governed by principles already written to, and we forego further discussion in the interest of brevity.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.