253 So.2d 14

**Mary L. JESSIE**

v.

**James Thomas SPURLIN.**

**4 Div. 392.**

Supreme Court of Alabama.

Sept. 30, 1971.

Gray, Seay & Langford, Tuskegee Institute, for appellant.

Lynn W. Jinks, Jr., Union Springs, for appellee.

PER CURIAM.

This suit was filed in the circuit court of Bullock County by the appellant, Mary L. Jessie, to recover damages for the wrongful death of her minor child. In answer to the complaint the appellee-defendant, James Thomas Spurlin, filed a plea in abatement. Appellant's demurrer to the plea in abatement was overruled whereupon appellant took a voluntary nonsuit, and appealed to this court alleging as error the overruling of her demurrer.

The question presented on this appeal is whether the trial court erred in overruling appellant's demurrer. We conclude that it did, and that its judgment is due to be reversed.

The transcript of the record reflects that on June 18, 1968, appellee Spurlin filed the following pleading to appellant's complaint, viz:

"PLEA IN ABATEMENT

"Comes now James Thomas Spurlin, Defendant in the above styled cause, and appears solely and specially for the purpose of filing this plea in abatement, and for no other purpose, and pleading in abatement, says:

1. That this cause should be abated for that at the time of the filing and institution of said cause, there was pending in this Court a suit filed by T. S. Jessie, who

sues as father of Eva Mae Jessie, a deceased minor, Plaintiff, against said John Thomas Spurlin, Defendant, wherein the same subject matter and cause of action was involved.

2. That this cause should be abated for that at the time of the filing and institution of said cause, there was pending in this Court a suit filed by T. S. Jessie, who sues as father of Eva Mae Jessie, a deceased minor, Plaintiff, against said James Thomas Spurlin, Defendant, wherein the same subject matter and cause of action was involved, and it should, therefore, be judicially determined by this Honorable Court who, if anyone, has priority of right of action." [1]

Appellant demurred to appellee's plea in abatement alleging, inter alia, that it was insufficient in that it alleged only that a prior suit was pending while a prior judgment would be required to bar this suit, and that it was insufficient and inconsistent in that it sought an advisory opinion in addition to alleging matter in abatement. (Appellant has also amended her complaint by adding thereto a verified statement that the father of the deceased child had abandoned his daughter prior to her death and had ceased to perform all parental duties and obligations.)

On July 30, 1969 the trial court overruled appellant's demurrer to the plea in abatement holding that the pendency of the father's suit was sufficient to bar the appellant's suit, and that the proper procedure would be for the appellant to intervene in the father's suit.

Thereupon appellant filed her motion for a nonsuit. A judgment of nonsuit was granted and appellant subsequently brought this appeal assigning as error the overruling of her demurrer.

In her motion for voluntary nonsuit, appellant alleged, and attached exhibits to show, that on March 4, 1968, T. S. Jessie (formerly the appellant's husband), the father of the deceased child, filed suit against the defendant for the wrongful death of his minor daughter;[2] that on April 2, 1968 the defendant, James Thomas Spurlin, filed a verified plea in the suit by T. S. Jessie which charged that the father had abandoned the minor child prior to her death and that by abandoning the child he had forfeited his right to sue for her death, and was therefore not a proper party to bring the action; that on May 24, 1968 appellant, as mother of the deceased child, brought this suit under authority of Title 7, § 118 [3] and § 119, Code of Alabama, 1940; that the father dismissed his suit prior to the trial court's ruling on appellant's demurrer to the plea in abatement; and, that the result of the court's ruling is to deny both father and mother any right of action to recover for the death of the minor.

---

1. Since the trial court and the parties have treated this pleading as if it is a single plea in abatement rather than two pleas, we have so considered it. However, we think the result would be the same, in either case.

2. This suit was filed pursuant to Title 7, § 119, Code of Alabama 1940, which reads as follows:

"§ 119. Suits for injuries causing death of minor child—When the death of a minor child is caused by the wrongful act, or omission, or negligence of any person or persons, or corporation, his or their servants or agents, the father, or the mother, in cases mentioned in the preceding section; or if the father and mother are both dead, or if they decline to bring the action or fail to do so within six months from the death of the minor, the personal representative of such minor may sue, and in any case shall recover such damages as the jury may assess; but a suit by any one of them for the wrongful death of the minor shall be a bar to another action, either under this section or under section 123 of this title."

3. Section 118 reads as follows:

"§ 118. Father may sue for injury to minor child.—A father, or in case of his death or desertion of his family, or his imprisonment for a term of two years or more under a conviction for crime, or of his confinement in an insane hospital, or if he has been declared of unsound mind, the mother may sue for an injury to a minor child, a member of the family."

We need only to consider whether the trial court's judgment in overruling the appellant's demurrer was error. Therefore, we proceed to examine the plea in abatement.

Paragraph 2 of the plea in abatement initially prays that the suit be abated because of the pendency of the father's suit. Then, in the latter part of the paragraph defendant prays that the court should judicially determine "who, if anyone, has priority of right of action." (This is the only difference between paragraph 1 and paragraph 2 of the plea in abatement.) This latter prayer is not strictly a matter in abatement but would appear to be a request for a judicial determination as to who has priority of the right of action. As such, it was not properly included in the plea. Furthermore, the two prayers set out in paragraph 2 of the plea are inconsistent with each other. The granting of one must necessarily preclude the granting of the other. If one suit is abated there is no occasion to make a determination of priority. The court cannot both abate one suit and at the same time determine priority between the two. We conclude that the plea contains two inconsistent prayers for relief. It is therefore duplicitous.

This court has held that two inconsistent defenses may not be set up in a single plea as such a plea will be duplicitous. City of Prichard v. Moulton, 277 Ala. 231, 168 So. 2d 602 (1964).

It is also the rule that when two distinct matters of abatement are set out in a single plea, that plea will be bad for duplicity. Cobb v. Force, 6 Ala. 468 (1844); Ellison v. Mounts, 12 Ala. 472 (1847).

We acknowledge that there is a factual distinction to be drawn between the instant case and those cited above. In the instant case the plea seeks abatement because of a prior pending suit. The plea then prays a judicial determination as to which suit should have priority. While, in the cited cases, there were two defenses or two matters in abatement contained in the same plea. However, we are of the opinion that this case is sufficiently analogous to the cited cases to justify our application of the rules announced therein.

We therefore conclude that the plea in abatement is duplicitous and that the trial court erred in overruling appellant's demurrer thereto.

In view of this conclusion, it is not necessary that we express our opinion as to whether Title 7, §§ 118 and 119 require a final judgment in the father's suit in order to bar a subsequent action by the mother, or whether the mere pendency of the father's suit will constitute such a bar. Neither do we have to decide the effect of the allegation of dismissal of the father's suit before the ruling on demurrer to the plea in abatement.

Reversed and remanded.

HEFLIN, C. J., and SIMPSON, MERRILL, BLOODWORTH and McCALL, JJ., concur.